JOSEPH SHIPPEN *et al.*

*v.*

CLARK WHITTIER.

*Filed at Mt. Vernon June 12, 1886.*

1. ASSIGNMENT—*as to mortgage security—holding subject to equities.* The assignee of a promissory note secured by mortgage or deed of trust, though taking before maturity, does not occupy the position of an assignee of commercial paper, as respects the mortgage security, but takes and holds the mortgage subject to all the equities that might be urged against it in the hands of the original holder.

2. SALE UNDER TRUST DEED—*after payment of the debt—notice.* Payment of the debt secured by a deed of trust, whether before or after maturity, extinguishes the power of sale, and no title will pass by a sale made after such payment, although the purchaser may have had no notice that the debt had been paid.

3. SAME—*presumption as to fact of payment.* A party claiming title under a sale made by a trustee under a power in a deed of trust, must show the existence of a debt at the time of the sale. The production of the note described in the deed, unattended by any suspicious circumstances, will afford *prima facie* evidence it was unpaid; but this presumption may be rebutted and overcome by evidence to the contrary.

4. SAME—*sale under a power—conditions to its validity.* A purchaser under a power of sale purchases at the peril of the sale being void, if a material condition precedent to the exercise of the power does not exist. A sale without the existence of such condition precedent, is one not authorized by the power, and no title can pass by it.

5. MERGER—*conveyance by mortgagor to mortgagee—intention.* A conveyance of the mortgagor's estate to the mortgagee does not operate as a merger, in equity, unless it was intended to have that effect. But when the holder of notes secured by deed of trust accepts a conveyance from the grantor in the

trust deed, of the lands, and gives the notes up to the maker, and no reason exists for keeping the incumbrance alive, there will be a complete merger, and the grantee will acquire the entire title.

6. RECORDING LAW—*of deeds recorded at different times—priority of right under deed first recorded.* Where the holder of notes secured by deed of trust takes a warranty deed of the mortgaged land from the debtor, in payment of the debt, he will not be bound to examine the records subsequent to the time his deed is put on record; and the subsequent recording of a deed from the trustee to a third person, is no notice to him of the making of such deed, so as to affect his title.

7. So, in such case, the record of the mortgagor's deed to the holder of the notes, in payment thereof, is notice to all persons thereafter dealing in respect to the land, of the rights such deed assumes to vest in him.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. METCALFE & METCALFE, for the plaintiffs in error:

A *bona fide* purchaser for a valuable consideration and without notice, either from a fraudulent grantor or grantee, will be protected. *Choteau* v. *Jones,* 11 Ill. 300; *Moshier* v. *Knox College,* 32 id. 155; *Wells & Co.* v. *Chapman,* 81 id. 137; *McCormick* v. *Miller,* 102 id. 208; *Kerfoot* v. *Cronin,* 105 id. 609; *Grundies* v. *Reed,* 107 id. 304.

A purchaser from a prior *bona fide* purchaser is protected, although he himself may have had notice. *Peck* v. *Arehart,* 95 Ill. 173; *Hunter* v. *Stoneburner,* 92 id. 75; *Thompson* v. *Frew,* 107 id. 57.

An innocent purchaser of land without notice of any irregularity in the sale to his grantor under a power in a mortgage, will be protected against an equitable right to avoid the sale to his grantor, and notice will not be presumed. *McHany* v. *Schenk,* 88 Ill. 358; *Gunnell* v. *Cockerill,* 79 id. 79; *Jenkins* v. *Pearce,* 98 id. 646.

A legal title must prevail over a mere equitable one, unless the party holding the former had notice of the other's equities at the time he acquired his title. *Brown* v. *Welch,* 18 Ill. 343; *Railroad Co.* v. *Kennedy,* 70 id. 350.

But it may be said that the deed to Whittier showed that he had become the owner by deed from Jackson, and Shippen might have learned the facts by inquiring of Whittier. Suppose he could, he was not bound to do so to be protected. This does not meet the law of notice, unless there are such facts of record as to put a prudent man upon inquiry. *Chicago* v. *Witt,* 75 Ill. 211; *Harper* v. *Ely,* 56 id. 129; *Heimburg* v. *Morse,* id. 394; *Babcock* v. *Lick,* 57 id. 327; *Flint* v. *Lewis,* 61 id. 299; *Chadwick* v. *Chapp,* 69 id. 119.

A note payable to the maker, and indorsed by him, is the same as if payable to bearer. Story on Prom. Notes, p. 19, secs. 36, 37.

This is what is called accommodation paper, and this may be pledged by a person not the owner. Overton on Liens, sec. 153; *Bank of Commerce* v. *Hedge,* 4 Conn. 567; *Coddington* v. *Bay,* 50 Jour. 537; Edwards on Bailments, secs. 196, 197; Bigelow on Frauds, 391, 392; Story on Bailments, 296; *Barker* v. *International Bank,* 80 Ill. 96.

A pledge is sustained by law, and vests property under pledge contract. Tyler on Pawns and Loans, 496, 508; 4 Kent's Com. 47, 149; *Buchanan* v. *International Bank,* 78 Ill. 500.

A foreclosure of the lien by sale under the contract vests the title. Overton on Liens, sec. 174, and authorities.

A promissory note being negotiable paper, an assignee before maturity, without notice and for a valuable consideration, will take it unaffected by a defence not appearing on the face, and a deed of trust passes as an incident to the assignment. *Kleeman* v. *Frisbee,* 63 Ill. 482; *White* v. *Sutherland,* 64 id. 181; *McFarland* v. *Day,* 69 id. 419; *Barbour* v. *Mortgage Co.* 102 id. 121; *Fawcett* v. *Life Ins. Co.* 97 id. 11; Wade on Notice, sec. 257.

An innocent purchaser of negotiable paper transferable by delivery, and not over-due, acquires a perfect title, though taking from a thief. *Jones* v. *Nellis,* 45 Ill. 482.

The assignee of a mortgage containing a power of sale, being the legal holder of the indebtedness thereby secured, is authorized to execute the power of sale.  *Bush* v. *Sherman,* 80 Ill. 160.

Messrs. Happy & Travous, for the defendant in error:

Pearce can not be regarded as a *bona fide* purchaser, because he never paid anything for the land.  *Burgett* v. *Paxton,* 99 Ill. 288; *Brown* v. *Welch,* 18 id. 383; *Moshier* v. *Knox College,* 32 id. 155.

Had Whittier's interest been but a mere equity, being first in point of time, must prevail over any equity Shippen had in the land prior to the making of the deed, October 25, 1880. Story's Eq. Jur. sec. 1502; *Worden* v. *Crist,* 106 Ill. 326.

Mortgages and deeds of trust are assignable only in equity, and in the enforcement of them are subject to equitable defences in the hands of innocent purchasers.  *Olds* v. *Cummings,* 31 Ill. 188; *Walker* v. *Dement,* 42 id. 272; *Cramer* v. *Willett,* 61 id. 481; *Haskell* v. *Brown,* 65 id. 29; *Kleeman* v. *Frisbee,* 63 id. 483; *White* v. *Sutherland,* 64 id. 181; *Thompson* v. *Shoemaker,* 68 id. 256; *Turner* v. *Railroad Co.* 95 id. 135.

They are merely an incident to the indebtedness secured thereby, and a payment of the debt extinguishes the security. *Ryan* v. *Dunlap,* 17 Ill. 40; *Harris* v. *Mills,* 28 id. 44; *Pollock* v. *Maison,* 41 id. 516; *Redmond* v. *Packenham,* 66 id. 434; *Cameron* v. *Irwin,* 5 Hill, 272; *Wood* v. *Colvin,* 2 Hill, 566; *Emery* v. *Keighan,* 88 Ill. 482; *Lycoming Ins. Co.* v. *Jackson,* 83 id. 302; *Emery* v. *Keighan,* 94 id. 543; *Walker* v. *Carleton,* 97 id. 582; *Meacham* v. *Steele,* 93 id. 135; Perry on Trusts, sec. 602; Jones on Mortgages, sec. 1899.

When a judgment is satisfied there is no longer any power to sell, and a title can not be acquired even by a *bona fide* purchaser, without notice of the payment.  *Wood* v. *Colvin, supra; Sherman* v. *Boyce,* 15 Johns. 443; *Jackson* v. *Caldwell,* 1 Cow. 622; *Woodcock* v. *Bennett,* id. 711; *Carter* v. *Simpson,*

.7 Johns. 535; *Jackson* v. *Anderson,* 4 Wend. 474; *Lewis* v. *Palmar,* 6 id. 367; *Swan* v. *Saddlemin,* 8 id. 676; *Hammatt* v. *Wyman,* 9 Mass. 133; *King* v. *Goodman,* 16 id. 63.

The general rule is, that a purchaser under a power buys at his peril, and however innocent he may be, he can not acquire a title without showing a valid subsisting power.

Whittier, while the owner of the notes secured by the trust deed, takes a conveyance of the equity of redemption which united the two estates in him, and operated as a merger. *Huebsch* v. *Scheel,* 81 Ill. 281; *Dunphy* v. *Riddle,* 86 id. 22; *Shaver* v. *Williams,* 87 id. 469.

The payment of the Jackson notes extinguished the power to sell under the deed of trust, and the attempt to exercise that power afterward was *ultra vires,* and transferred no title. *Frederich* v. *Ewrig,* 82 Ill. 363; *Redmond* v. *Packenham,* 66 id. 434; *Fire Ins. Co.* v. *Jackson,* 83 id. 302.

The power of sale was extinguished even as against *bona fide* purchasers. *Cameron* v. *Irwin,* 5 Hill, 272; *Wood* v. *Colvin,* 2 Hill, 566.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 10th day of January, 1871, W. F. Brink, who was then owner, executed a deed of trust of the land in controversy, and other land, to Henry D. Hatch, to secure $5000 indebtedness to John W. Southerland. Subsequently the land was conveyed to Jonathan Jones, and he thereafter conveyed it to Charles H. Jackson, and the latter, on the 23d day of August, 1873, conveyed the land, in trust, to John W. Johnson, to secure one principal note for $6000, due three years after date, and six interest notes for $200, each, executed by Jackson, and by him delivered to Jones, and by Jones delivered to Brink, for payment, in part, of purchase money. Some time after this, but in the same year, Clark Whittier, in a transaction between him and Brink, bought the Jackson notes, as thus secured, and assumed the payment of the

amount secured by the trust deed to Hatch. On the 14th day of December, 1874, Jackson, having paid nothing on his notes, entered into an agreement with Whittier, whereby he agreed to convey the land in controversy, by warranty deed, subject to the Hatch deed of trust, to Whittier, in full payment and satisfaction of his notes in the hands of Whittier, and Whittier agreed to accept such conveyance in full payment and satisfaction of Jackson's notes. The deed was accordingly then made by Jackson, and delivered to and accepted by Whittier, and the same was placed on record on the 22d of the same month. Whittier then delivered to Jackson his notes, and it was agreed between them that Jackson should take the notes to the trustee, Johnson, and have him execute and place on record a formal release of the trust deed. On the 18th day of April, 1876, Whittier paid the amount due on the trust deed to Hatch, and Hatch executed a final release of that deed, which was placed on record on the 10th of June, 1876. Jackson neglected to notify the trustee, Johnson, of the payment of his notes, and to obtain a release of that deed of trust, but on the contrary, he afterward placed these notes, uncancelled, in the hands of one Henderson, or, at least, in some way Henderson obtained their possession, and Henderson, on the 3d of July, 1876, placed them in the hands of one Stagg, as collateral security for Henderson's individual note for $215. In October, 1876, Stagg sold the Jackson notes for $906, to Judlin, appropriating the proceeds, as far as necessary, to the payment of Henderson's note, and the balance to the payment of an individual account of Henderson. Judlin pledged the notes as collateral security for his own note for a loan of $1000, to John N. Temple. On the 26th of November, 1878, Johnson, the trustee, on the request of Temple, assumed to sell the property described in the deed of trust, for the payment of the Jackson notes. Temple being the only bidder, Johnson conveyed to him on the same day. On the 23d of October, 1879, Temple conveyed the property

to Abijah Johnson. On the same day, Johnson conveyed the property to James M. Pearce, and on the 22d of October, 1880, Pearce conveyed to Joseph Shippen. The bill is filed by Whittier to set aside the deed of the trustee, Johnson, to Temple, and the subsequent deeds in that line, because, being void and colorable, they are clouds upon his title. The court below decreed in conformity with the prayer of the bill.

The fact that Jackson's notes were payable to himself, and not indorsed by any one but himself, and were not due when pledged by Henderson as collateral, though important in an action upon the notes, is unimportant here.

The assignee of a mortgage or deed of trust does not occupy the position of an assignee of commercial paper, but takes and holds it subject to all the equities that could have been urged against it in the hands of the original holder. *Olds* v. *Cummings,* 31 Ill. 188; *Walker* v. *Dement,* 42 id. 272; *Cramer* v. *Willetts et al.* 61 id. 481; *Haskell* v. *Brown,* 65 id. 29. In this case, John W. Johnson had no interest in the land. He had a mere power to sell and convey. The conveyance was to him and his successor in trust, and the sheriff of Madison county was empowered to act in the event he declined, or was absent, or unable to act. It was expressly stipulated, "if the party of the first part, or any one for him, shall well and truly pay off and discharge the debt and interest expressed in said notes, and every part thereof, when the same become due and payable, according to the true tenor, date and effect of said notes, then this deed shall be void."

The rule is familiar, and strictly applicable here, that a purchaser under a power purchases at the peril of the sale being void if a material condition precedent to the exercise of the power does not exist. A sale without the existence of such material condition precedent is a sale not authorized by the power, and no title can pass by it. (See Perry on Trusts, sec. 785.) Payment of the debt extinguished the power of sale. In the language we have quoted from the trust deed, that

instrument was thenceforth "void." *Lycoming Ins. Co.* v. *Jackson*, 83 Ill. 307; *Wood* v. *Colvin*, 2 Hill, 566; *Cameron* v. *Irwin*, 5 id. 272; *Jackson* v. *Morse*, 18 Johns. 441; *Breckenridge's Heirs* v. *Ormsby*, 1 J. J. Marsh. 257; · *Towner* v. *McClelland*, 110 Ill. 542; *Redmond* v. *Packenham*, 66 id. 434. See, also, Jones on Mortgages, sec. 1899; *Walker* v. *Carleton*, 97 Ill. 582; *Ryan* v. *Dunlap*, 17 id. 40; *Harris* v. *Mills*, 28 id. 44.

"It is a general principle," said MARSHALL, C. J., in *Williams* v. *Peyton's Lessees*, 4 Wheat. 79, "that the party who sets up a title must furnish the evidence to support it. If the validity of a deed depends on an act *in pais*, the party claiming under that deed is as much bound to prove the performance of the act as he would be bound to prove any matter of record on which its validity might depend. It forms a part of his title. It is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. These facts should be examined by him before he becomes a purchaser, and the evidence of them should be preserved as a necessary muniment of title."

As applicable to the present case, it was incumbent on Shippen to show the existence of a debt at the time of the claimed trustee's sale at which Temple bought. In the first instance, the production of the note described in the deed of trust, unattended by any suspicious circumstances, would be *prima facie* sufficient; but that is entirely rebutted and overcome by the evidence that the note had been paid, and was afterwards fraudulently put in circulation. It is true, the conveyance of the mortgagor's estate to the mortgagee does not operate as a merger, in equity, unless it was intended to have that effect. (*Campbell* v. *Carter*, 14 Ill. 288; *Jarvis et al.* v. *Frink*, id. 396.) But here it was intended to have that effect, and so the merger was complete. Jackson's debt was paid, and Whittier was the owner of the entire property, subject to the Hatch deed of trust, which he subsequently paid.

This case is not analogous to those where a title passes which is subject to be defeated on the ground of the fraudulent acts of the parties, and in which it is held that a *bona fide* purchaser, without notice, is to be protected. In this case no title passed. What appears to be a conveyance is not a conveyance, any more than the deed of a person in nowise connected with the title to the property.

We find no sufficient evidence of any fact creating an equitable estoppel to conclude Whittier on that ground. He is not shown to have had any knowledge of Jackson's fraudulent conduct. The law does not require that he should examine the record subsequent to the time that Jackson's deed to him was placed on record, and that deed was constructive notice to all subsequently acquiring title, of the rights which it assumed to vest in him. It is a general warranty deed, covenanting that these lands "are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and incumbrances, of what kind or nature soever, * * * except a certain deed of trust for $5000 on this and other lands, which the party of the second part assumes to pay." The excepted deed of trust is, of course, that to Hatch; and so it is clear that it was assumed in some way, as between the parties, that the trust deed to Johnson was out of the way. By applying to Whittier, the extent of his claim would have been ascertained, and since it is incumbent on those who claim under the sale by Johnson, to know that, at the time of the sale, he had the power to sell, it is clear no conclusive presumption could arise from the negligence of Whittier to cancel the notes and obtain and place on record the release of the deed of trust. The possession of the notes by Temple, and the absence of a release from the record, were simply strong circumstances tending to prove that the notes were unpaid; but it was competent to rebut and overcome these circumstances, and this was done.

It is claimed the evidence does not sufficiently prove that Whittier was the owner of the Jackson notes, and that the deed by Jackson to him was delivered in payment and satisfaction of them. We think otherwise.

The decree is affirmed.

*Decree affirmed.*