[No. 3703.]

THE BENT-OTERO IMPROVEMENT CO. v. WHITEHEAD.

1. DEED OF TRUST—TRUSTEE'S SALE—REQUEST OF BENEFICIARY.

In a deed of trust where the power of sale is conditioned upon the request of the beneficiary, such a request is a condition precedent to the power to sell, and a sale made by the trustee without such request and in the absence of circumstances from which such request might be inferred, is unwarranted, and a purchaser acquires no title thereunder.

2. SAME—CAVEAT EMPTOR.

The rule of *caveat emptor* applies to trustees' sales, and a purchaser at such sale is bound to know that all conditions upon which the trustee's power to act depends, have been complied with.

3. SAME.

A provision in a deed of trust that in case of sale the recitals in the trustee's deed shall be taken as *prima facie* evidence of the facts therein stated, does not relieve the purchaser from the rule of *caveat emptor*. At most, such provision would only cast upon a party assailing the deed the burden of producing evidence sufficient to remove this *prima facie* presumption.

4. PRACTICE—EVIDENCE—OBJECTION TO DEPOSITIONS.

An objection to depositions on the ground that the certificate of the notary public is not according to law, cannot be raised for the first time at the trial.

5. EVIDENCE—ADMISSIBILITY.

In an action to set aside a trustee's sale on the ground that it was made without the knowledge and consent of the beneficiary, where the

trustee who was a guarantor of the note attempted to conceal the sale by continuing to pay interest, a protested draft of the trustee made to pay an instalment of interest two months after the attempted sale, was admissible in evidence to show a purpose on the part of the trustee to conceal from the beneficiary the fact of the attempted foreclosure, and also as confirmatory of his testimony that he had no knowledge of the attempt until put on inquiry by this protested draft.

*Appeal from the District Court of Otero County.*

Messrs. CRANSTON, PITKIN & MOORE, for appellant.

Messrs. KILGORE & HESS and Mr. WHITEHEAD, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The appellee, Matthew Whitehead, being the owner of a note secured by a certain deed of trust, brings this action to cancel a trustee's deed issued to appellant in pursuance of a sale of the trust property, upon the ground that the sale was unauthorized and void. He predicates his right to such relief upon the following facts:

One Ruel L. Nute, on September 21, 1889, made a promissory note for $1,000, payable to the order of the Colorado Securities Company on September 1, 1894. At the same time, to secure the payment of the note, he executed a deed of trust to Henry J. Aldrich, the president of the company, conveying to him as trustee, 320 acres of land situate in Otero county, Colorado. This trust deed was in the usual form, and contained, *inter alia*, the following provision:

" That in case of default in the payment of said note, or any part thereof, with the interest thereon at the time, and in the manner, and at the place specified for the payment thereof, * * * then and in such case *on the application of the legal holder of said note* it shall, and may be, lawful for the said party of the second part * * * after having advertised such sale thirty days in a newspaper * * * to sell said premises

\* \* \* and to execute and deliver to the purchaser or purchasers a deed or deeds of conveyance in fee of the premises sold by virtue hereof. *And it is agreed that the recitals in said deed shall be taken and accepted as prima facie evidence of the facts therein stated.*"

About October 1, 1889, the appellee, through his brother, William H. Whitehead, purchased this note at its face value, which, together with the deed of trust, was delivered to him at that time; and is still the owner and holder of the same; that no part of the principal of the note, and no interest after its maturity had been paid. On December 7, 1894, Henry J. Aldrich, the trustee, advertised the land for sale in the manner provided for by the trust deed; and on January 7, 1895, on the day appointed in the advertisement, sold the same to appellant, the Bent-Otero Improvement Company, it being the highest and best bidder, for the sum of $3,000 cash; and on the same day executed and delivered to the company the trustee's deed above mentioned. The Colorado Securities Company, as guarantor of the note, paid the interest as it fell due, by drafts drawn by Aldrich, its president, on the Importers and Traders National Bank of New York city; and it appears that appellee, by reason of the nonpayment and protest of a draft so drawn for the amount of interest due on the note March 1, 1895, was put upon inquiry, and therefrom first learned of the attempted foreclosure of his deed of trust.

It is further shown, by the uncontradicted testimony of appellee, that this sale was made without his request, knowledge or consent, and that he never received any of the proceeds of the sale.

The appellant, among other matters of defense, avers "that the plaintiff ought not to be admitted to say that he did not order and request the foreclosure of the deed of trust mentioned in his complaint \* \* \* because \* \* \* the plaintiff \* \* \* permitted the Colorado Securities Company and Henry J. Aldrich \* \* \* to deal with said note and security as general agents." But the court below disposed of this plea by finding that as a matter of fact, there was no evidence

whatever to support it. An examination of the evidence, as disclosed by the record, satisfies us that the court was correct in its conclusions.

The record discloses that the cause was set for trial on November 22, 1895; and when the case was called both parties appeared and announced themselves ready for trial. Then, for the first time, counsel for defendant objected to the reading of the deposition of Matthew Whitehead " on the ground that the certificate of the notary public was not according to law," and without specifying in what particular the certificate was defective in this regard. The court overruled the objection and allowed the deposition to be read. Objection was also made to the introduction in evidence of the protested draft above referred to. Aside from these objections, the assignments of error present but one question, and that is whether a trustee named in a deed of trust, wherein the power of sale is conditioned upon the request of the beneficiary, can sell the land and convey to the purchaser a good title without such request, or without any circumstance from which the purchaser could infer such request on his part. The powers of a trustee depend entirely upon the terms of the instrument appointing him, and no power is conferred unless expressed in the writing. Such request, therefore, becomes a condition precedent to his power to sell; and since the rule of *caveat emptor* applies to trustee's sales, the purchaser is bound to take notice that all matters *in pais* upon the existence of which the trustee's power to act depends have been complied with. This is clear under all the authorities, among them the following: *Stephens v. Clay*, 17 Colo. 489; *Shippen et al. v. Whittier*, 117 Ill. 282; *Williams et al. v. Peyton's Lessee*, 4 Wheaton, 77; *Magee v. Burch*, 108 Mo. 336; *Bomar et al. v. West et al.*, 87 Texas, 299; *Kenney v. The Jefferson Co. Bank*, 54 Pac. Rep. 404; *Breit et al. v. Yeaton et al.*, 101 Ill. 242; *The Equitable Trust Co. et al. v. Fisher et al.*, 106 Ill. 189; 2 Perry on Trusts (4th ed.), §§ 602 *g*, 784.

In *Shippen et al. v. Whittier, supra*, it is said:

" The rule is familiar, and strictly applicable here, that a

purchaser under a power purchases at the peril of the sale being void if a material condition precedent to the exercise of the power does not exist. A sale without the existence of such material condition precedent is a sale not authorized by the power, and no title can pass by it."

In *Williams v. Peyton's Lessee, supra*, Chief Justice Marshall, speaking for the court, said:

"It is a general principle that the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an act *in pais*, the party claiming under that deed is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which its validity might depend. It forms a part of his title; it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve. These facts should be examined by him before he becomes a purchaser, and the evidence of them should be preserved as a necessary muniment of title."

In Perry on Trusts, paragraph 602 *g*, the learned author, speaking to this point, says:

"The purchaser is bound to know the full particulars and purpose of the power under which he purchases; and if he makes any mistake in the construction of the power, or if he does not fully inform himself and acts in ignorance, he will take no title if the power is not properly executed."

In *Kenney v. The Jefferson County Bank*, a case recently decided by our court of appeals, the rule is thus concisely stated:

"It is undoubtedly true and in this all the authorities agree that a trustee by written instrument is clothed with no powers save those which are expressed in the writing, and if his authority to act is in any wise, or at all, dependent upon matters *in pais*, the parties dealing with the trustee are bound in the one case to see that the authority is expressly given by the instrument and in the other that those facts exist which authorize the trustee to act."

Counsel for appellant concedes that the rule of *caveat emp-*

*tor* applies to purchasers at trustees' sales under ordinary trust deeds, but insists that the rule cannot be invoked in this case because in the trust deed under which appellee claims it is provided "that the recitals in said deed shall be taken and accepted as *prima facie* evidence of the facts therein stated;" and in support of this claim relies upon the case of *Jesson v. The Texas Land & Loan Company*, 21 S. W. Rep. 624, and *Carey v. Brown*, 62 Cal. 373. These cases fall far short of supporting counsel's contention. The provisions in the trust deeds there under consideration were different from the provision in the trust deed in this case. In the one it was provided that recitals in the trustee's deed should be conclusive; and in the other, that they should be full evidence of the truth of the matter therein stated; while in the one before us it is provided that the recital shall be *prima facie* merely, which at most would cast upon the party assailing the deed the burden of producing evidence sufficient to overcome this *prima facie* presumption; which was clearly done, as we have seen, by the uncontradicted evidence of appellee.

We think it is clear, under the established facts in this case, and the doctrine laid down by the uniform current of authority, that the action of the trustee in making the sale of the trust property was unwarranted, and appellant acquired no title thereunder; and that the appellee is entitled to the relief granted by the court below.

Whether the objection to the deposition would have been tenable, if made in apt time, we need not determine. Section 353 of the code provides that " all objections, exceptions and motions in respect to depositions shall be made and disposed of before trial; *Provided*, that objections to competency, relevancy or materiality of testimony therein may be reserved and ruled on during the trial."

Under this provision it is clear that the objection came too late to be entertained by the court, and was properly overruled; nor can we see wherein the court committed any error in admitting the protested draft in evidence. Its issuance, two months after the attempted sale, was a circumstance that

tended to show a purpose on the part of the trustee to conceal from appellee the fact of the attempted foreclosure of the deed of trust, and is confirmatory of his statement that he had no knowledge until put upon inquiry thereby that the sale had been made. It follows from the views we have expressed that the judgment of the court below is correct, and must be affirmed, which is accordingly done.

*Affirmed.*