Thomson, P. J.
• Suit to foreclose a trust deed and set aside a conveyance made by the trustee.
The complaint alleged the making and delivery by Charles H. Fullenwider of his promissory note to The Colorado Securities Company for $1,000, dated August 4, 1892, and payable on the 1st day of August, 1897, together with ten attached interest coupons for $40 each, payable alternately on the 1st day of February and the 1st day of August until the maturity of the note; and for the purpose of securing the payment of the note and interest, the execution and delivery by him to The Colorado Securities Company of a trust deed conveying to Henry J. Aldrich as trustee certain real estate which it described. By this trust deed, which is set forth in the complaint, it was provided that in case of default in any of the payments either of principal or interest, when due, the whole of the principal sum and the accrued interest might at the option of the legal holder of the note at once become payable, and that on his application the premises conveyed by the trust deed might be sold by the trustee in the manner therein specified for the payment of the amount due, and a deed of conveyance of the premises sold, executed and delivered by the trustee to the purchaser. It was also stipulated in the trust deed that it should not be obligatory on the purchaser to see to the application of the purchase money and that the recitals in the deed executed by the trustee should be taken and accepted as prima facie evidence of the facts therein stated. The complaint further alleged that the last seven coupons were due and unpaid; that before the maturity of any of them or of the principal note the note and unpaid coupons were indorsed and assigned to the. plaintiff, Samuel Turbutt, for value; that the trustee, Henry J. Aldrich, by his trustee’s deed dated *439 the 15th day' of October, 1894, and duly acknowledged' and recorded, for. the pretended consideration therein recited, fraudulently and without the knowledge or - consent of the plaintiff conveyed the mortgaged premises to • the defendant, John K. Mullen, and fraudulently and-falsely recited in his trustee’s deed that the premises had been sold on the application of the legal holder of the note, no such application having ever been made, and that the consideration'named in the trustee’s deed was never in fact paid by Mullen to Aldrich; that on the 18th day of February, 1895, the defendant, Mullen, by warranty deed, conveyed the premises to the defendant, The Mosca Milling and Elevator Company; and that both Mullen and the company received the title to the premises with knowledge of the plaintiff’s claim,, and with notice and knowledge that Henry J. Aldrich as trustee was without power in the premises.
The defendants answered, admitting the execution of the trust deed, note and coupons, to The Colorado Securities Company; the execution and delivery of the trustee’s deed to .Mullen; and the conveyance by Mullen to The Mosca Milling and Elevator Company, but denied that the sale was not made on the application of the legal holder of the note or that the recital in the trustee’s deed that it was so made was false;' denied knowledge by Mullen of the plaintiff’s-claim, and denied that the consideration named in' the trustee’s deed was not paid by Mullen to Aldrich. The answer also affirmatively averred default in the payment of the interest coupon due on the 1st day of August, 1894; the election of the . legal holder of the indebtedness to declare the note and all accrued interest due and payable; his application to the trustee to s.ell the property; the proceedings of the trustee in conformity with the requirements of the. trust deed; the purchase by Mullen, and the full pay- *440 ment by him of the consideration to Aldrich. The affirmative statements of the answer were denied by a replication.
On December 10, 1898, it appearing that the plaintiff was dead, Dennis Mnrto, who had been appointed his administrator, was substituted as plaintiff. At the trial the substituted plaintiff introduced the note and unpaid coupons, the trust deed and some evidence tending to show the assignment of the note and coupons to the original plaintiff; and then rested. '■ The' defendants introduced the deed from Mullen to The Mosca Milling and Elevator Company, and then offered the trustee’s deed from Aldrich to Mullen which the court refused to admit. The court also denied their offer to prove that the full consideration named in the trustee’s deed was paid by Mullen to the trustee. The court rendered judgment for the plaintiff according to the prayer of the complaint, and the defendants appealed.
Some question is made by the defendants upon the negotiability of the note. We are disposed to regard it as negotiable; but whether it was or not is immaterial. If upon the request of the holder of the note the property was regularly sold in the manner prescribed by the deed of trust and the consideration was duly paid, Mullen took a good title. If not he took none; and the instrument purporting to be a trustee’s deed which he received from Aldrich could not be used as an obstruction to the proceeding of the owner of the note, whether it might be classed as a negotiable instrument or not, to enforce his remedy for its collection against the land.
But the theory of plaintiff’s counsel is that after proof of the ownership of the note in the intestate and the exhibition of the note, coupons and trust deed, he established, prima facie, the case made by the complaint; and that it then devolved upon the *441 defendants to prove all' the facts necessary to impart validity to the trustee’s deed as a-conveyance of title to- Mullen. The action was brought not only for the foreclosure of the deed of trust, but as preliminary to the foreclosure for the setting aside and annulment of the trustee’s deed. The complaint alleged the execution of the trustee’s deed and described it as a conveyance; averred that it was fraudulently made, that its recital that the premises had been sold at foreclosure sale on the application of the legal holder of the note was. false, and that the consideration it named was never paid. These allegations of fact upon which the plaintiff relied to invalidate the trustee’s deed required some evidence in their support. Fraud is not presumed. In the complaint the trustee’s deed was treated as an instrument valid on its face and an apparent conveyance of title, to be avoided by facts aliunde; and those facts, in the, nonexistence of which- the deed was valid, were expressly averred. Upon the theory of the complaint, until the trustee’s deed should be set aside there could be no foreclosure by the plaintiff, and its avoidance, to the end that he might foreclose, -being one of the principal objects of his suit, the case made by his proofs was not the case made by his pleading.
But let us concede the position of counsel that the evidence he introduced cast the burden upon the defendants to prove the deed from the trustee and all the facts necessary to constitute it a valid conveyance, and, upon such concession, see what justification may be found in the record for the decree as rendered. The defendants offered in evidence the deed from the trustee to Mullen, but on objection by the plaintiff it was rejected. The objection was not to the regularity of the proceedings leading up to the sale, as they appeared on.the face of the instrument, but that the deed could not be received *442 until the defendants had shown the authority of the trustee to execute-it. The only particular in which it was asserted that such authority was wanting was the lack of an application by the holder of the note to the trustee to make the sale. Among other recitals in the trustee’s deed was one that application for the sale had been made by the holder of the note. This is charged to have been false. Except as to the payment of the consideration neither the truth nor the sufficiency of the other recitals is questioned. •In the deed of trust it was stipulated by the parties that the recitals in the trustee’s deed should be taken and accepted as prima facie evidence of the facts therein stated. It - was competent for the parties so to contract, and the stipulation bound parties and privies. The assignee of the note took the seourity subject to. all the covenants and agreements contained in the instrument. When, .therefore, the defendants offered the trustee’s deed in evidence they offered proof that the proper application had been made, because the trustee had so recited in his deed. The recital was not conclusive; but by the terms of the. instrument authorizing the deed by the trustee and without the authority of which it could not legally have been executed at all, the recital was prima facie evidence of the controverted fact, and the burden was on the plaintiff, to overcome the presumption so created.
But it is argued that the rule of caveat emptor applies to a trustee’s sale and that the purchaser at such a sale is conclusively charged with notice of ■ irregularities by the trustee in executing the power of sale. How counsel conceives this doctrine to affect the question we are considering he does not state. That “a trustee by written instrument is clothed with no powers save those which are expressed in the writing, and if his authority to act is in any *443 wise or 'at all dependent- upon matters in pais, the parties dealing with the trustee are hound in the oné ease to see that the authority is expressly given by the instrument, and in the other that those facts exist which authorize the trustee to act,” is well settled elsewhere, and is also the doctrine of our supreme court. — Improvement Co. v. Whitehead, 25 Colo. 354.
The ’rule thus announced would require proof by the defendants if the allegations of the complaint did not dispense with proof by them in the first instance of the facts necessary to empower the trustee to act; but it would not restrict them to any particular kind of competent evidence. By offering the trustee’s deed which the parties themselves had made competent evidence of the facts it recited, they were endeavoring to make the requisite showing, and the, refusal to receive the instrument was therefore erroneous. . . ■ ■
As the remaining reason why the trustee’s deed should be adjudged invalid, the complaint alleged “that the consideration therein named was never in fact or in truth paid by the said John K. Mullen to the said Henry J. Aldrich;” but when the defendants offered to prove that the full amount -of the consideration named in the trustee’s deed was paid to the trustee the plaintiff’s counsel objected, and his objection was sustained. The ground of his objection was that proof of payment to. the trustee was not enough; that it must he shown that the money was received by the holder of the note. But it was payment' to the trustee, and not payment to the holder, which was in issue. No question was raised by the pleadings of payment to the holder; and proof of payment to the trustee was all that the issue required. But,, upon another ground, no evidence that the holder received the money was necessary. The *444 trustee in making the sale, if the conditions existed empowering him to proceed, acted as the agent of the holder, and as such agent was authorized to. receive the money for him; and the trust deed expressly provided that it should not be obligatory upon the purchaser to'see to the application of the purchase money. Payment by Mullen to the trustee would, therefore, relieve him of further responsibility with reference to the purchase money. He was not bound to know that it was applied in payment of the note, and consequently was not required to prove that it was. It was error to sustain the objection.
Judgment must be reversed. Reversed.
Maxwell, J., not sitting.