Ruffin, C. J.
 

 The question is rather one of evidence, as to the side from which it should come, than of pleading or of the construction of the contract. As far as these parties bargained for a sale of the land to the defendant, it is to be understood, that the bargain was at an end by the failure of Lockhart (Love’s vendor) to remove his incumbrance on the land; for the rent, now sued for, was to be doe only in the event, that Edmonston’s purchase was not completed, and the case states, that the only objection to the plaintiff’s recovery of the rent was, that the plaintiff did not shew, that he and Lockhart still held to their bargain for the land. With a view to that question, the case may be thus stated : The plaintiff, having made an executory contract with Lockhart for the land, leased it to the defendant for one year at a certain rent, with a stipulation, however, after reciting the nature of the-
 
 *356
 
 plaintiff’s title, that the rent was to be paid to the plaintiff, “ Provided the saM Love hold on to his agreement with Lock-hart.” The plain meaning of that stipulation is, that, as the rent ought not to belong to Love, but ought to go to Lock-hart, in case their contract should be rescinded, the defendant should not be bound to pay it to Love, notwithstanding he took his lease from him, if in fact and truth Love’s purchase should be rescinded. Then the question is, whether it be incumbent on the plaintiff to shew by affirmative or substantive proof, that the contract' between him and Lockhart still subsists, or whether, if such be the
 
 fact, the
 
 defendant ought not to shew, that it had been rescinded
 
 by
 
 the act of one or both of the parties. Upon that point our opinion accords with that of his Honor, that the
 
 onus
 
 was on the defendant; for the reason, that, when a contract is once made between parties, it binds atid is legally presumed to subsist, until it be shewn to have been performed or rescinded. Without something appearing to the contrary, the plaintiff must be assumed to have held on, and to have been held on, to his agreement with Lockhart.
 

 Per Curiam, . Judgment affirmed.