## SAMUEL S. PARKER *versus* JOB N. TUTTLE.

The indorsement of a note by the payee, is presumed to have been made at the date of the note, in the absence of proof to the contrary.

But if it be proved that the indorsement was not then made, the indorsee in an action upon the note, in order to recover, must show that the indorsement is genuine, and that it was made prior to the commencement of his action.

A person who purchased intoxicating liquors, acting merely as the agent, cannot be deemed the seller of those liquors to his principal in violation of the statute of 1851, c. 211.

A note, taken by such agent from his principal, for money advanced by him in payment for liquors thus purchased, does not come within the prohibition of the statute of 1851, c. 211, § 16, and an action may be maintained upon it.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

This action was upon a promissory note given to one Strickland, and by him indorsed.

There was evidence tending to show that Strickland was not present when the note was given, and tending to prove that plaintiff took the note in Smithfield, and that he said at the time, that he had seen the books of the said Strickland, and that the bill receipted was all right, and that the bills of items were not present at the time when the note and receipt were given. Instructions were given touching the actual

knowledge of plaintiff, and also touching the implied notice to plaintiff that the note was given in part for intoxicating liquors, to which no exceptions are taken.

The Court was requested to instruct the jury as follows:—

That to maintain this action, the plaintiff must prove that the note was indorsed and negotiated to plaintiff, before the commencement of this action; that the indorsement being without date, if it has been proved that it was not negotiated on that day, then the legal presumption that it was negotiated on that day is rebutted; and the plaintiff must prove that it was negotiated to him before the date of the writ; and if there is no such proof to satisfy them, the defendant is entitled to their verdict.

This requested instruction was not given. But the Judge instructed the jury, that if it was proved that the note was not negotiated on the day of its date, the presumption that it was indorsed and negotiated on that day, would be, of course, rebutted. And he also instructed the jury, that the note being indorsed now, in the absence of any proof to the contrary, the presumption is, that it was indorsed before the commencement of this action upon it.

The Court further instructed the jury, that if Strickland obtained the rum stated in one of the bills annexed to a deposition by one Crocker, in consequence of Tuttle's letter of instructions, and procured it for defendant, acting merely as his agent, then there was no violation of the statute by Strickland; and that it would be immaterial whether he obtained it of the city agency at Portland, or from Boston; and that the fact alone, that the rum was charged in the bill, instead of charging the money paid for it, would make no difference.

Verdict for plaintiff. To the foregoing refusal to instruct and to the instructions given, the defendant's counsel excepted.

*John S. Abbott*, for defendant.

*Stackpole* and *Webster*, for plaintiff.

TENNEY, C. J.—Evidence was introduced tending to show that the name of the payee was not indorsed by him on the

note on the day of its date. The jury were instructed, that, as the indorsement was thereon at the time of the trial, the presumption was, in the absence of proof to the contrary, it was made before the institution of the suit, if they were satisfied that it was not made on the day of its date.

A note purporting to have the indorsement of the name 'of the payee, with no indication of any time when it was made, independent of the date of the note, is presumed to have been indorsed on that day, because that date will apply to every thing written upon the same paper. If the indorsement is proved not to have been made so early as that day, the basis of this presumption is removed; and, in order to recover, the holder must show, not only that the indorsement is that of the payee, but that it was made before the suit upon the note was commenced. The case of *Hutchinson* v. *Moody*, 18 Maine, 393, sustains this principle.

The defendant's letter to Strickland is a request that he would purchase of the agent of the city of Portland a barrel of rum, and not that he should sell it himself. The rum was received by the defendant, and it was a question of fact under all the evidence upon that point, whether it was purchased by Strickland, or sold by him. If the purchase was made of the city agency of Portland, it was an exact compliance with the authority of the letter. If it was purchased by Strickland elsewhere for the defendant, in consequence of the request in the letter, and was so received, it might be treated as a ratification of the act of Strickland as the agent. The bill has a tendency to show that the purchase was made of Strickland, but it is not conclusive. The instructions were given as applicable to a state of facts, which the jury might find to be true, that the rum was purchased by Strickland as the agent of the defendant, and they are not regarded as erroneous.

*Exceptions sustained.—Verdict set aside, and*
*New trial granted.*

RICE, APPLETON, CUTTING and MAY, J. J., concurred.
GOODENOW, J., did not sit.