[No. 2665.]

## Moynahan v. Perkins.

**Appellate Practice—Failure to File Assignment of Errors—Dismissal.**

The rules of the court of appeals requiring an appellant to

assign errors in writing at the time of filing the transcript an'd providing that in case of failure to assign error the appeal may be dismissed, do not necessarily require a dismissal in all cases, because of a failure to assign errors within the time fixed. An appeal will not be dismissed because of a failure to assign errors within the time fixed, where the appellant makes a showing tending to explain and excuse the failure, and where it appears that no material delay nor prejudice to appellee has been caused thereby.

*Appeal from the District Court of Teller County.*

Mr. B. F. MONTGOMERY, for appellant.

Mr. C. J. PERKINS, *pro se.*

*Per Curiam.*—Appellee moves to dismiss this appeal upon several grounds, but there are only two which require any notice. One is that no assignment of errors had been filed; the other is that the record had not been lodged in this court within the time required by code section 389. Rule 11 of this court requires an appellant to assign errors in writing at the time of filing the transcript of the record, and rule 12 provides that if appellant shall fail to assign error the appeal may be dismissed. An assignment of errors is of course indispensable to the perfecting of an appeal and to its hearing, but the rule does not necessarily require in all cases a dismissal because of a failure to assign error within the time fixed. In this case counsel for appellant makes a showing tending to explain and excuse his failure in this respect. It further appearing that no material delay has been occasioned by it and that the appellee has not been prejudiced thereby the motion will not be sustained on that ground.— *Home v. Duff*, 5 Colo. 344.

The appellant may present and have filed with the clerk of this court a proper assignment of errors within fifteen days from this date. Upon failure so

to do the appellee may renew his motion to dismiss and it will be sustained.

The second ground of the motion is based upon a precisely similar state of facts to that in *Perkins v. Boyd, ante,* page 447, and for the same reasons there given this ground will not be sustained. The motion to dismiss will be denied.      *Motion denied.*