# January Term, 1904.

[No. 2992.]

MURTO, ADMINISTRATOR OF TURBUTT'S ESTATE, v. LEMON ET AL.

1. **Bills and Notes—Indorsements—Presumptions—Mortgages.**

In the absence of evidence to the contrary, an undated indorsement of a promissory note is presumed to have been made at the time and place of the execution of the note; and in an action on the note and to foreclose a deed of trust given to secure it, this presumption obtains against the maker of the note, the maker of the deed of trust and also against subsequent purchasers of the property covered by the deed of trust.

2. **Same—Evidence.**

In an action by the indorsee of a promissory note for personal judgment against the maker and to foreclose a deed of trust given to secure it, the introduction in evidence of the note with an undated indorsement by the payee, presumptively established the nonpayment of the note and its assignment to plaintiff at the time of its execution; and the introduction of the trust deed presumptively established that it had not been released.

3. **Mortgages—Release—Foreclosure—Evidence.**

In an action to foreclose a deed of trust, a release deed from the trustee together with evidence that the amount of the note secured was paid to the trustee prior to the maturity of the note, was not sufficient to constitute a defense, but defendant must also show that the trustee was authorized to receive payment of the note or to execute the release.

4. **Deeds of Trust—Release—Payment.**

Where the trustee in a deed of trust was authorized by the instrument to release the deed of trust upon payment of the note secured, a release executed without payment of the note is invalid.

5. **Deeds of Trust—Subsequent Purchasers—Notice.**

Subsequent purchasers of property covered by a deed of

trust are charged with notice of the conditions upon which the trustee is authorized to release the deed of trust.

6.  Bills and Notes—Deeds of Trust—Foreclosure—Laches.

Where the holder of a note secured by deed of trust brought an action to foreclose within two years after the maturity of the note, he was not guilty of such laches as will bar his recovery as against an unauthorized release by the trustee.

7.  Laches—Burden of Proof.

Laches is a matter of defense, and the burden of proof is upon the defendant to establish it.

8.  Deeds of Trust—Foreclosure—Unauthorized Release—Fraud—Limitation.

An action by the holder of a promissory note for personal judgment and to foreclose a deed of trust securing the same, and incidentally to cancel an unauthorized release deed executed by the trustee, is not an action for relief on the ground of fraud, such as is required to be brought within three years after the discovery of the facts constituting the fraud, but the action may be brought at any time within six years from the maturity of the note.

*Error to the District Court of Otero County.*

Mr. DAN B. CAREY, and Mr. THOMAS H. HARD-CASTLE, for plaintiff in error.

Mr. O. G. HESS, for defendants in error.

GUNTER, J.

May 2, 1891, Laura J. Lemon and her husband, Thomas J. Lemon, gave their promissory note, due five years after date, and ten interest notes maturing semi-annually, The Colorado Securities Company, payee, and as security therefor a trust deed, usual form, same date, Aldrich, trustee, recorded May 7, 1891, upon real estate in Otero county, Colorado. The trustee was authorized by the trust deed to release the same upon payment of the notes secured thereby. This deed described the notes, disclosing that the principal note matured five years after date. By undated indorsements of the payee the principal

note and five of the interest notes were transferred
to Samuel Turbutt. November 26, 1892, recorded
same date, Aldrich, as trustee, executed what pur-
ported to be a release deed discharging the trust
deed. December 10, 1892, Laura J. Lemon, the owner
of the land covered by the trust deed, conveyed a
part thereof by warranty deed, recorded same date,
to defendant in error, Simpson. December, 1895,
she conveyed by deed recorded December 3, 1895,
the remainder of the land so incumbered to defend-
ant in error, King.

This action was brought April 22, 1898, by Tur-
butt upon the principal note and the five interest
notes against defendants in error for the purpose of
obtaining a personal judgment against Laura J.
Lemon, the cancellation of the release deed and the
foreclosure of the trust deed. Turbutt having died
pending the action, plaintiff in error was substituted.
Trial to the court resulted in a judgment in favor
of plaintiff in error and against Laura J. Lemon upon
the principal note and interest notes. The court,
however, declined cancellation of the release deed and
foreclosure of the trust deed. From such ruling is
this proceeding on error.

Plaintiff in error, in making out his case below,
introduced the principal note, the five interest notes,
the trust deed and rested. The notes with the in-
dorsements thereon presumptively established owner-
ship in plaintiff in error and nonpayment.—*Gumaer
v. Sowers,* 31 Colo. 164, 71 Pac. 1103, 22 Am. and
Eng. Ency. of Law (2d ed.), 588.

As the indorsements were undated, until the con-
trary appeared they took the date of the notes.

"A note purporting to have the indorsement of
the name of the payee, with no indication of any time
when it was made, independent of the date of the
note, is presumed to have been indorsed on that day,

because that date will apply to everything written upon the same paper."—*Parker v. Tuttle,* 41 Me. 349, 351.

"And in the absence of evidence to the contrary, an indorsement or transfer will be deemed to have been made at the time and place of execution."— 4 Am. and Eng. Ency. of Law (2d ed.), 319, and authorities cited.

This presumption obtains in an action by an indorsee against the maker of the note, also against the maker of the trust deed securing it in a proceeding to foreclose.

"The note and mortgage are inseparable; the former as essential, the latter as an incident."—*Carpenter v. Longan,* 16 Wall 271, 274.

We see no reason for denying the application of this presumption as to the date of the indorsement as against defendants King and Simpson, who in this proceeding to foreclose the trust deed, are attempting to defeat it by the alleged release. The introduction of the trust deed raised the presumption that it had not been discharged.

"A contract obligation shown to have existed at one time will be presumed to continue until its discharge is shown. Thus is an indebtedness shown to have existed presumed to continue."—22 Am. and Eng. Ency. of Law (2d ed.), 1243.

"The onus was on the defendant for the reason that, when a contract is once made between parties, it binds and is legally presumed to subsist until it be shown to have been performed or rescinded."—*Love v. Edmonston,* 27 N. C. 354 (5 Ired. 1).

The introduction of the indorsed notes presumptively established their nonpayment, their assignment to Turbutt on the date when made; and the introduction of the trust deed presumptively established

its continued existence, that is, that it had not been released. There was no evidence adduced by defendants in error to overcome these presumptions, it was shown that the amount secured by the trust deed had been paid to Aldrich. The release deed signed by him was introduced; there was no evidence, however, that Aldrich was authorized to receive payment or to execute the release deed. It appeared that the notes were paid to Aldrich before maturity, the payment being in the fall of 1892, over three years before the maturity of the principal note. The trust deed conferred upon Aldrich, as trustee, the power to release when the notes should be paid; he was without power to release until this condition should be satisfied. Of this limitation upon his power, King and Simpson had notice through the recorded trust deed. If they relied upon the release without payment, they did so at their peril; they were not innocent purchasers under a release executed without payment of the notes. The release was without payment of the notes, and before their maturity; having been executed without payment of the notes, it was made without satisfaction of the condition which the trust deed made necessary to the exercise of the power of release; the release deed was, therefore, invalid, and of this invalidity King and Simpson, through the trust deed, were charged with notice. Upon the same principle rests *Improvement Co. v. Whitehead,* 25 Colo. 357, 54 Pac. 1023.

It is said that plaintiff was guilty of such laches as to bar his right to foreclose. We think not. The principal note secured by the trust deed matured May 1, 1896. Plaintiff had six years from maturity of this note in which to bring this action for a personal judgment on the note and a decree foreclosing the trust deed.—*McGovney v. Gwillim,* 16 Colo. App. 284, 65 Pac. 346.

The action was brought April 22, 1898, being within two years after such maturity.

Plaintiff at no time gave either of the defendants, Simpson and King, the grantees of the property incumbered by the trust deed, reasonable grounds for believing that the trust deed had been released. Further, there is no evidence that plaintiff knew of the conveyance to Simpson and King until about the time of the institution of this action.

Laches is a matter of defense, the burden was upon defendants to make it out; this they did not do.

Appellees say this action is barred by section 2911, 2 Mills' Ann. Stats., providing that bills for relief on the ground of fraud shall be filed within three years after the discovery of the facts constituting such fraud. This is not a bill for relief on the ground of fraud, it is an action to recover a personal judgment against the maker of the note secured by the trust deed and incidentally to foreclose the trust deed securing the note. Incidentally the action involves the cancellation of an unauthorized release deed. The case is not within the statute.—19 Am. and Eng. Ency. of Law (2d ed.), p. 247, and authorities cited. Plaintiff in error had six years from maturity of the note in which to bring this action. As stated, it was brought within this time. We think error was committed in declining to cancel the release deed and in denying a foreclosure.

Judgment reversed.                    *Reversed.*