[No. 5095.]
[No. 2668 C. A.]

THE EQUITABLE SECURITIES COMPANY v.
JOHNSON ET AL.

1. **Corporations—Transfer of Stock.**

1 Mills' Ann. Stat., § 508, requiring an assignment of stock to be entered on the books of the company and the entry to disclose from whom and to whom the shares passed, is observed by an entry on the books of a memorandum of an assignment of stock showing from whom and to whom made.—P. 381.

2. **Same—Transfer of Stock—Assignment Not Made on Certificate.**

A written assignment of stock, unaccompanied by the certificates, presented to the secretary of the corporation with the request that the necessary transfer be made on the books, and he, making no objection to the absence of the certificates, certifies on the assignment under the seal that he has made the proper transfer on the books, is good as against all persons. —P. 381.

3. **Same—Stock—Foreclosure of Lien—Statute of Limitations.**

An action upon a promissory note to recover a personal judgment, and, incidentally, to foreclose a lien on shares of stock, although involving the sufficiency of the assignment of such stock, is not an action for relief on the ground of fraud and so barred by 2 Mills' Ann. Stat., § 2911, providing a three years' limitation for such actions.—P. 382.

4. **Appellate Practice—Assignments of Error—Printing in Abstract.**

   While the usual and perhaps better practice is to file the assignments of error attached to the transcript, yet, when they are printed in the abstract of record and filed at the same time as the transcript, it is a sufficient compliance with supreme court Rule 11.—P. 382.

*Error to the District Court of Montrose County. Hon. Theron Stevens, Judge.*

Action by The Equitable Securities Company against Austin B. Johnson and The Iron-Stone Ditch Company. From a judgment for defendants, plaintiff brings error.                 *Reversed.*

Mr. F. D. CATLIN, for plaintiff in error.

Mr. A. R. KING and Mr. S. S. SHERMAN, for defendants in error.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action to foreclose a lien upon certain ditch stock. It went off in favor of defendants upon a motion for judgment upon the pleadings. The answer consisted, in effect, of a denial of the material allegations of the complaint, and a plea of the statute of limitations.

With the pleadings so framed, the motion for judgment upon the pleadings presented two questions: The sufficiency of the facts stated in the complaint to constitute a cause of action, and the sufficiency of the plea of the statute of limitations. Such are the questions here. The following are the facts stated in the complaint:

November 13, 1890, The Iron-Stone Ditch Company was a corporation organized under the laws of this state. Defendant, Johnson, owned six shares of its capital stock, which stood upon the books in

his name. Upon that date Johnson, for a valuable consideration, gave his note to The Montrose Investment Company for $2,400, maturing November 1, 1895, and to secure the same gave a trust deed on certain real estate running to one Bonney as trustee. Upon the same day Johnson assigned his six shares of stock to Bonney, trustee, as further security for said note, and, in the writing evidencing this assignment, expressly directed ''The secretary of the said Iron-Stone Ditch Company to make the necessary transfer on the books of the company, in accordance with this agreement. In case of default in any of the provisions of said deed of trust, these shares shall become the property of the said The Montrose Investment Company. But till such default be declared, the rights and privileges belonging to stockholders shall belong to the assignor of these shares.'' This written assignment was not made upon the certificates of stock held by Johnson, but by a separate instrument, nor were the certificates at any time surrendered to The Montrose Investment Company, or to Bonney, but remained in the hands of Johnson. This assignment was made with the knowledge and consent of the defendant company, and a request for a transfer of stock upon the books of the company, as provided in the writing evidencing the assignment, was made on the secretary of the company, and a memorandum of such assignment was duly entered on the books of the company by the secretary thereof. Further, the secretary certified on this written assignment that, as directed therein, ''I have this date made the necessary transfer of said shares of stock to the said Montrose Investment Company on the books of said company. In witness whereof, I have hereunto set my hand and affixed the seal of the company this 19th day of November, 1890.

(Company Seal.)  J. C. BROWN, Secretary.''

November 17, 1890, the promissory note was assigned for value to The Equitable Mortgage Company, and, on January 19, 1898, by such company to the plaintiff, The Equitable Securities Company, its present holder.   The last mentioned company, in March, 1899, foreclosed its trust deed on the land; and applied the proceeds of sale upon said note. This, however, left an unpaid balance on said note amounting to several hundred dollars, and the present action was instituted in June, 1899, to foreclose the lien upon said ditch stock created by said assignment, and to obtain a personal judgment against Johnson for any balance unpaid after applying the proceeds of the sale of the ditch stock upon said note.

In September, 1894, defendant company, with full knowledge of the facts recited as to the assignment of the stock, and that the lien thereon so created still existed, caused an entry to be made on its books cancelling said certificates held by Johnson, and reissued the certificates to Halley, the present holder.

Defendant company contends:

1.   That no sufficient entry of the assignment of Johnson's stock to plaintiff was made upon the books of defendant company.

2.   That the failure of Johnson to deliver his stock to plaintiff was fatal to plaintiff's lien.

3.   That the three years' statute of limitations was fatal to this action.

4.   That no assignment of errors was filed.

Considering these contentions in their order:

1.   Johnson defaulted in the payment of his note, which act authorized the holder of the note— the plaintiff—to foreclose the lien, if any, which it held upon the ditch stock in question.

Now, as to the validity of this lien.  This transaction occurred in November, 1890, and its validity must be tested by the statute as it then stood, and as it is found in 1 Mills' Ann. Stats., § 508.  This statute required, in the event of an assignment of stock, that such assignment be entered upon the books of the company; it required that the entry on the books should disclose from whom and to whom the shares passed.  The written assignment under which plaintiff claims, disclosed from whom and to whom the six shares of stock held by Johnson were transferred.  The complaint alleges that a memorandum of this assignment was entered upon the books of the company.  If so, the requirements of the statute were observed.  Further, if the entry was not on the books, or was not sufficient, this plaintiff should not be prejudiced thereby because it was the fault of the officers of the company, and not its fault, if the entry was not properly made.  The transferee, The Montrose Investment Company, had done all that could reasonably be required of it to secure the transfer.  It had presented to the proper officer of defendant company the written assignment from the shareholder, whereby he assigned his stock for the beneficial use of said company, and requested the entry of the necessary transfer on the books.  The secretary made no objection to the absence of the certificates of stock, but certified in writing upon the assignment, and under the corporate seal, that he had made the proper transfer on the books of defendant company.

As said in *Webber v. Bullock,* 19 Colo. 214, 220, 221:

"We think that, under the facts of this case, the defendant in error has shown good reason for failure to procure a transfer of the stock in question to

be made upon the books of the company, and has done all he could do to conform to the policy of the law, and that it would not only be inequitable, but a perversion of the true intent of the statute, to subject him to the loss of his property solely for the fault of the officers of the company.''

See, also, *Isbell v. Graybill*, 19 Colo. App. 580.

2.   The written assignment transferred the ownership of the certificates as between the parties, and the entry of this transfer, and the certificate of the secretary to its making, effectuated such transfer as to the defendant company and as to third parties. —*Richardson v. Longmont S. Ditch Company*, 19 Colo. App. 483, 490, and authorities cited.

3.   It is said that because this action involves a cancellation of the certificates of stock held by Halley, it is an action for relief on the ground of fraud and barred by section 2911, 2 Mills' Ann. Stats. Fraud is not an essential of plaintiff's cause of action; its case is not dependent upon the proof of fraud. The action is simply one upon a promissory note to recover a personal judgment, and incidentally to foreclose a lien upon certain shares of stock, and is not dependent upon proof of fraud. The case is not within the statute.—*Murto v. Lemon*, 19 Colo. App. 314, 319; 19 Am. and Eng. Ency. of Law (2nd ed.), p. 247.

4.   The assignment of errors was printed in the abstract of the record, it had no existence outside of this printed form, and was not attached to the transcript; it was, however, filed at the same time as the transcript. While the usual and perhaps better practice is to file the assignment of errors attached to the transcript, and at the same time as its filing, we cannot say that the course pursued here was not a compliance with our Rule 11. Further, no prejudice

was sustained in the departure from the usual .practice.—*Moynahan v. Perkins,* 17 Colo. App. 450; *Home v. Huff,* 5 Colo. 344.

The judgment below should be reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.