### PORTER v. STUART et al.

### In re CAMPBELL.

(Circuit Court of Appeals, Fifth Circuit. November 6, 1915.)

### No. 2839.

MORTGAGES ☞181—PRIORITY AS BETWEEN MORTGAGEES—WRONGFUL DISCHARGE OF PRIOR MORTGAGE.

A mortgagee of lots, on leaving the state for a number of months, executed a power of attorney to an agent, authorizing him to release from the mortgage any or all of the lots on payment to him of a stated sum per lot, which power of attorney was recorded. The agent executed releases of a number of the lots; the releases reciting payment of the required sums, which were in fact not paid. The releases were recorded, and the mortgagor again mortgaged the lots to others. *Held*, that the subsequent mortgagees, as against the first mortgagee, were entitled to rely upon the record, and that their mortgages were entitled to priority over his.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 435, 436; Dec. Dig. ☞181.]

Petition to Superintend and Revise from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

In the matter of M. B. Campbell, bankrupt; George Stuart, trustee. On petition by Charles D. Porter to revise an order of the District Court. Affirmed.

W. W. Hill, A. F. Whiting, and P. H. Stern, all of Montgomery, Ala., for petitioner.

Fred S. Ball, J. Talbert Letcher, and J. R. Thomas, all of Montgomery, Ala., for respondents.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. The petitioner, Charles D. Porter, on January 27, 1914, made a loan to M. B. Campbell, the bankrupt herein, of $7,200 for six months, taking as security therefor a first mortgage on certain lots of a platted tract of land near Montgomery, Ala. This mortgage was duly recorded. At or about the time the mortgage was executed it was agreed in writing between Porter and Campbell that any or all of the lots might be released from the mortgage upon the payment by Campbell of $600 per lot. Porter, desiring to leave Montgomery for a visit to Tennessee (which lasted till some time in the following November), on July 28, 1914, executed to M. M. Sweatt a power of attorney to release and discharge from the mortgage any lot therein described upon the payment to him of the sum of $600 for each lot so released. This power of attorney was promptly recorded. During Porter's absence in Tennessee, Sweatt as attorney in fact released on the record several of the lots; his recorded release reciting the payment to him of $600 for each lot released. This recital was false; Sweatt not having received the money as stated. Thereafter, while Porter was still absent in Tennessee, other persons, relying on the recorded releases executed by Sweatt and their recitals of payment as called for by the recorded power of attorney to him, lent money to Campbell on his mortgages to them of the lots shown by the record to have been released. They acted in good faith and without knowledge that Sweatt had not received the $600 in each case. After these mortgages were executed Campbell was adjudged a bankrupt, and the lots came into the possession of his trustee in bankruptcy. Porter on the one hand, and the subsequent mortgagees on the other hand, each claimed that his mortgage was entitled to priority. After a hearing on the conflicting claims, the referee decided in favor of the subsequent mortgagees, and this decision was affirmed by the District Court. The matter is here on Porter's petition to superintend and revise.

We are of opinion that the assailed rulings were proper. It is contended in behalf of the petitioner that the claims of the subsequent mortgagees to priority cannot prevail, because they are to be regarded as having dealt with Sweatt as Porter's special agent, and as being subject to the rule that the principal of such an agent is bound only by the acts of the agent which are in accordance with his authority, and that a third party dealing with such an agent is bound at his peril to ascertain the extent of the agent's authority, and that what he does is in conformity with the authority conferred. We are of opinion that this contention involves a disregard of material features of the case presented. Assuming that the reliance by the subsequent mortgagees on the releases found on the public records amounted to their dealing with Sweatt as Porter's special agent, though they did not otherwise have any transaction with him, yet we are of opinion that the conduct of the principal himself was such that it materially contributed to misleading the subsequent mortgagees to the conclusion, from what was found on the public records, that the lots they took as security had been properly released from the lien of the mortgage to Porter. The record disclosed that the day after Porter's mortgage was due he executed the power of attorney to Sweatt, and

that thereafter Sweatt executed releases, the recitals of which showed full compliance with the terms of the power. When the subsequent mortgagees acted on the faith of these records, Porter was out of the state. The record clearly indicated that when he left he anticipated that that would be done which the releases showed had been done. The only person in the state to whom the subsequent mortgagees reasonably could have been expected to apply for information as to a compliance or noncompliance with the condition stated in the power of attorney had stated the facts constituting such compliance in the formal releases found on the record. Reasonable prudence did not require one contemplating dealings with the released property to seek from the attorney in fact in person a reiteration of that statement.

Nor do we think that reasonable prudence required such a person to undertake to get into communication with Porter while he was out of the state; he having, before leaving, delegated to his attorney in fact power to take all required action in the matter. He put it in the power of the agent he selected to make the public records show that the lots had effectually been·released. In doing this he must have had it in contemplation that others subsequently might deal with the owner with reference to the lots, and that they would rely on what the public records showed as to the condition of the title, and on the apparent authority of the person executing a recorded release, unless they had notice of some fact indicating that that authority was exceeded. It might well have been inferred that the absent holder of the incumbrance might not know of a payment which evidently he expected to be made, not to himself, but to the agent he had selected to attend to the matter. In view of all the circumstances under which the subsequent mortgagees acted, we think that the conclusion by them that the required payments as recited in the releases had been made as Porter evidently was expecting them to be made was not an unreasonable or unwarrantable one. The situation as between Porter and a subsequent mortgagee is such that one of these two innocent persons must suffer by the act of Sweatt in releasing the lots without having received the required payments on them. The conclusion is that in the circumstances disclosed it was Porter's conduct, and not any fault or lack of due diligence on the part of the subsequent mortgagees, that enabled Sweatt to occasion the loss. This being true, the loss must fall upon Porter. See Day v. Brenton, 102 Iowa, ·482, 71 N. W. 538, 63 Am. St. Rep. 460; Williams v. Jackson, 107 U. S. 478, 2 Sup. Ct. 814, 27 L. Ed. 529; Lennartz v. Quilty, 191 Ill. 174, 60 N. E. 913, 85 Am. St. Rep. 260, 16 Cyc. 773.

We have been referred by the counsel for the petitioner to the following cases as containing rulings sustaining the contention that subsequent purchasers or incumbrancers were not warranted in relying on recorded releases. Hutchings v. Clark, 64 Cal. 228, 30 Pac. 805; Land Co. v. Peck, 112 Ill. 408; Harker v. Scudder, 15 Colo. App. 69, 61 Pac. 197; Murto v. Lemon, 19 Colo. App. 314, 75 Pac. 160. Each of those cases is readily distinguishable in its facts from the one at bar. Besides other material differences between the facts of some of those cases and those of the instant case, in neither of them did it appear, as it does in this case, that the holder of the improperly re-

leased incumbrance had been instrumental in bringing about such a situation as was calculated to lead persons who subsequently dealt with the property to rely on the release and the recitals of it as found on the record.

The petition is denied.