**SIMPSON et al. v. STERN et al., and three other cases.**

**Nos. 6030–6033.**

Court of Appeals of the District of Columbia.
Argued Feb. 12, 1934.

Decided April 9, 1934.

HITZ, Associate Justice, dissenting.

———◇———

Paul E. Lesh, D. D. Drain, H. Winship Wheatley, H. Winship Wheatley, Jr., W. E. Richardson, and E. Hilton Jackson, all of Washington, D. C., for appellants.

J. T. Sherier, Milton W. King, and Alvin L. Newmyer, all of Washington, D. C., William M. Bullitt, of Louisville, Ky., and Joseph D. Sullivan, David G. Bress, J. Harry Covington, and Spencer Gordon, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

These appeals are from a final decree of the lower court dismissing a bill in equity for the cancellation of a release made by trustees of a deed of trust, and for the reinstatement of the deed of trust as security for the mortgage debt.

It is disclosed by the record that in January, 1928, the Swartzell, Rheem & Hensey Company, hereinafter called the Swartzell Company, was a corporation engaged in the real estate and loan brokerage business in the District of Columbia; and that David L. Stern was the owner of a certain building lot located in the District upon which he designed to erect an apartment house to be known as the Ponce de Leon Apartments. A contract was entered into by and between these parties whereby the Swartzell Company was to make a construction loan to Stern in the sum of $375,000, to be secured by a first deed of trust upon the premises, in order to enable Stern to erect and complete the proposed structure. Accordingly, on January 30, 1928, Stern executed and delivered to Luther A. Swartzell and Edmund D. Rheem, as trustees, a first deed of trust upon the property to secure the payment of certain 505 promissory notes in various classified sums aggregating the sum of $375,000, which were signed by Stern and made payable three years after date to the order of John H. Holmead, treasurer of the Swartzell Company, bearing interest at 6 per centum per annum, payable semiannually. Each note contained a stipulation that Stern reserved the privilege of paying such note at any time before maturity upon payment of interest to date of payment and two months' interest in advance, and that principal and interest of the note were payable at the office of the Swartzell Company in Washington, D. C. Each note also bore the following statement: "Secured by first deed of trust to Luther A. Swartzell and Edmund D. Rheem, trustees, conveying lot 24, square 1927, as described in deed of trust dated January 30, 1928." The trustees, Luther A. Swartzell and Edmund D. Rheem, were re-

spectively president and vice president of the Swartzell Company, and the latter was the active manager of its affairs.

The deed of trust contained the following provisions:

"Said parties hereto of the first part reserving the privilege of paying any or all of said notes at any time before the maturity thereof by paying the interest thereon to date of said payment and two (2) months' interest in advance.

"The principal and interest of said notes being payable at the office of Swartzell, Rheem and Hensey Company in the city of Washington, District of Columbia. * * *

"And upon the full payment of all of said notes and of all extensions or renewals thereof, and the interest thereon, or upon prepayment thereof with interest and advance interest thereon as therein provided, and of all moneys advanced or expended as herein provided and of all other proper costs (including cost of advertising), charges, commissions, half commissions and such commissions as may be allowed by law and are not otherwise herein provided for, and expenses incurred by means of these trusts, at any time before the sale hereinafter provided for to release and reconvey the said described premises in fee unto, and at the cost of the said David L. Stern, or the party or parties then claiming under him. And it is mutually covenanted and agreed by and between the respective parties hereto that the said full payment of principal and interest, as hereinabove provided, at the office of Swartzell, Rheem and Hensey Company in the city of Washington, District of Columbia, shall constitute payment of said notes respectively and shall stop interest thereon from date of said payment at said office, and (all other matters having been fully paid as herein provided) the said parties hereto of the second part, or the trustee acting in the execution of this trust shall thereupon have power to release and re-convey said land and premises, as aforesaid, without the presentation or cancellation of said notes or any of them."

Upon the execution and delivery of these notes and the deed of trust to the Swartzell Company, a credit of $375,000, less an agreed commission, was entered upon the books of the company in favor of Stern. This credit was drawn upon by Stern in installments as the construction of the building progressed, until the building was completed and the entire amount was paid by the Swartzell Company. During this period the Swartzell Company sold the notes thus secured to customers of the company, whereupon they were indorsed to the respective purchasers by the payee Holmead without recourse upon him.

In January, 1929, after the completion of the building, Stern conveyed the mortgaged property to Abner Drury Company, subject to the aforesaid deed of trust. In October, 1929, the Abner Drury Company, desiring to refinance the debt upon the property, applied to the New York Life Insurance Company for a loan of $375,000, to be secured by first deed of trust upon the property. The Insurance Company, however, declined to make a loan of $375,000, but offered to lend Abner Drury Company the sum of $325,000, to be secured by a first lien upon the premises. This offer was accepted by Abner Drury Company, whereupon the insurance company delivered its check in that amount to the District Title Company, payable to the order of the title company, with instructions that the amount should be paid to the Swartzell Company upon the execution by Abner Drury Company to the insurance company of a first deed of trust upon the property, and the same should be duly filed for record. Thereupon, on November 1, 1929, by arrangement between Abner Drury Company and the Swartzell Company, the Stern deed of trust upon the property for the sum of $375,000 was canceled by Swartzell and Rheem, as trustees, and the debt thereby secured was entered upon the records as fully paid and satisfied.

The cancellation reads in part as follows:

"Know all men by these presents that Luther A. Swartzell and Edmund D. Rheem, trustees under a certain deed of trust from David L. Stern and Marie Ellen Stern, his wife, dated January 30, 1928, and recorded in liber 6106, folio 407, January 31, 1928, of the Land Records of the District of Columbia, in consideration of one dollar in hand paid by the Abner Drury Company, the present owners of the hereinafter described property do hereby grant and release unto the said Abner Drury Company (a Delaware corporation), the following described land and premises, situate in the District of Columbia, and distinguished as lot numbered twenty-four (24) in square numbered nineteen hundred and seventy-two (1972) in the subdivision of part of the tract of land known as 'Fletchall's Chance' made by the Chevy Chase Land Company of Montgomery County, Maryland, as per plat recorded in the office of the surveyor for the District of Columbia in liber 86 at folio 18; and fix-

tures, together with the possession and right of possession of said premises.

"To have and to hold the same, with the appurtenances, unto and to the use of the said Abner Drury Company fully released and discharged from the effect and operation of the said deed of trust, the debt secured thereby having been paid and satisfied."

Immediately after the filing of the insurance company's deed of trust, there was filed for record a second mortgage upon the property executed by Abner Drury Company to the Swartzell Company in the sum of $44,375, bearing the personal indorsement of Peter A. Drury. This note and deed of trust, together with the $325,000 received from the insurance company loan, were delivered over to the Swartzell Company and accepted by the company as full payment of the Stern debt of $375,000 as aforesaid. The payment of the $325,000 and the delivery of the second mortgage for $44,375 together equaled the amount of the first mortgage, to wit $375,000, less the sum of about $6,000, which was adjusted by agreement between Abner Drury Company and the Swartzell Company. The Swartzell Company then entered the Stern mortgage upon its books as paid, and credited the various noteholders who at the time held notes secured by the mortgage with the amounts of their respective notes and interest. The Swartzell Company, however, although it paid one year's interest to the noteholders, did not notify them of the transaction nor actually pay the principal over to them in satisfaction of their notes, but used the proceeds of the $325,000 check and the $44,375 second trust note for the company's own purposes. On January 26, 1931, the Swartzell Company was adjudged bankrupt in the Supreme Court of the District of Columbia, by which time the company had used up the proceeds of both the check and second mortgage.

In the present case the plaintiffs below (now the appellants), who are holders of more than $100,000 of the Stern notes secured by the Stern first deed of trust as aforesaid, filed their respective bills in equity praying that the aforesaid cancellation of the Stern deed of trust should be set aside and held for naught, upon the ground that the trustees were not authorized or empowered to make the same, inasmuch as the full sum of $375,000, being the amount of the Stern debt, was never fully paid in cash to the noteholders nor to the Swartzell Company for them, and that the insurance company was fully aware of this fact at the time of the transaction, or by the exercise of reasonable care and prudence could at that time have learned of the same.

The lower court found against the claims of the appellants, and from that decision this appeal is taken.

We agree with the decree of the lower court. In our opinion, the transaction in question resulted in a payment of the notes issued by Stern to the Swartzell Company and secured by the original first deed of trust, and this conclusion, of course, denies the contention of the appellants. It is conceded by appellants that the provisions in the Stern notes and deed of trust, to the effect that payment thereof might be made at the office of Swartzell, Rheem, & Hensey Company, signified that payment of the mortgage notes might be made to that company as agent for the noteholders. This conclusion is sustained by the circumstances surrounding the transaction. The notes were outstanding in the hands of various persons residing in this country and abroad whose identity and location were known only to the Swartzell Company. It would have been an impossible task for Stern or his successor in title to make payment directly to such noteholders. Accordingly, the Swartzell Company was designated in the notes and deed of trust as agent for the noteholders, with authority to receive payment of the debt for them. It follows that, if the Stern notes were paid to the Swartzell Company, such payment would constitute a satisfaction of the debt as fully as if the payment had been made to the noteholders themselves. It is conceded that, if the exact sum of the notes, to wit, $375,000 and interest, had been paid by Abner Drury Company to the Swartzell Company, and the cancellation of the deed of trust securing the notes had then been made by the trustees, no question could have arisen regarding the cancellation. The only question, therefore, is whether the payment which actually was made to the Swartzell Company was in effect a payment of $375,000. We think it was. This payment included the sum of $325,000 in cash, leaving a balance of $50,000 for other settlement. The second mortgage which was transferred to the Swartzell Company in such settlement amounted to the sum of $50,000, less about $6,000 as already stated. At the time of this transaction, the Swartzell Company was the owner of $4,000 of the Stern notes, and held for collection $68,300 of such notes owned by other persons. At that time the Swartzell Company was possessed of abun-

dant means to handle the second mortgage note as cash, and in fact it did so, and entered the entire amount of $375,000 upon its books to the credit of the various noteholders, and thereby became indebted to them as if the entire amount had been received in cash. It was not an unusual transaction for the Swartzell Company, engaged as it then was in handling securities of this character, to accept such a note and mortgage as cash in the settlement of accounts with its customers. Moreover, the noteholders were not prejudiced by this procedure, for it bore no actual relation to the failure of the Swartzell Company to pay them the amounts credited to them upon the company's books.

The record also discloses that the insurance company accepted the note and deed of trust of Abner Drury in good faith without notice of any irregularity in the transactions between the Swartzell Company and Abner Drury Company, or between the Swartzell Company and the noteholders, and relied upon the recorded cancellation of the Stern mortgage by the trustees named therein. The trustees were not appointed by the insurance company, nor did that company become responsible for the proper performance of their duties by them. The insurance company in good faith relied upon the title as it appeared of record, and paid over its money to the Swartzell Company by direction of Abner Drury Company as the owner and mortgagor of the property. It is entitled to be protected in its lien under the statutes relating to the registration of such instruments. This view is supported by controlling authorities. Williams v. Jackson, 107 U. S. 478, 2 S. Ct. 814, 27 L. Ed. 529; In re Buchner, 205 F. 454 (C. C. A. 7th); Porter v. Stuart, 227 F. 840 (C. C. A. 5th); Martin v. Poole, 36 App. D. C. 281; Rhoderick v. Swartzell, 62 App. D. C. 180, 65 F. (2d) 813; Brooks v. Hudson (Wash.) 27 P. (2d) 111.

In view of the foregoing principles and authorities, it is unnecessary for us to proceed further with a discussion of this case. Nevertheless a second important principle may be stated which would lead to the same conclusion. It is well established that, where one of two innocent parties must bear a loss, such loss is imposed upon the one whose conduct made the loss possible. In this instance the noteholders appointed the Swartzell Company as agent to collect their money upon the faith that the company would thereupon pay the same over to them. The noteholders are charged with knowledge that by the terms of the first deed of trust the trustees named therein were given authority to cancel the deed of trust. The loss in this case resulted from the fact that the Swartzell Company, after having collected the amount of the outstanding notes, failed to pay the same to the noteholders. The insurance company which took the mortgage now in question was not responsible for this default. Therefore, under the rule just above stated, the loss should not fall upon it. Rhoderick v. Swartzell, supra.

We are convinced that the decree should be, and it is, affirmed, with costs.

HITZ, Associate Justice, dissents.