974

## STERN v. SIMPSON.

### No. 5951.

United States Court of Appeals for the District of Columbia.

Argued Feb. 7, 1934.

Decided Oct. 15, 1934.*

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

H. Winship Wheatley, Wm. E. Richardson, H. Winship Wheatley, Jr., and E. H. Jackson, all of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, HITZ, and GRONER, JJ.

MARTIN, C. J.

An appeal from a judgment upon a directed verdict for the plaintiff in an action to recover upon certain promissory notes.

This case is closely related with that of Simpson v. Stern, 63 App.D.C. 161, 70 F.(2d) 765, between the same parties, decided by this court on April 9, 1934, certiorari. denied May 28, 1934. 292 U.S. 649, 54 S.Ct. 859, 78 L.Ed. 1499. We suggest that the opinion in that case be read together with our opinion in the present case.

It appears that the appellant, David L. Stern, was the owner of an unimproved building lot located in the District of Columbia, and that he obtained a construction loan from Swartzell, Rheem & Hensey Company, hereinafter called the Swartzell Company, for the purpose of erecting an apartment house upon it. The loan was to be in the aggregate amount of $375,000 and was to be evidenced by 505 promissory notes, to be signed by Stern, ranging in amounts from $100 to $1,000 each, bearing 6 per cent. interest, payable to the order of John H. Holmead, who was secretary and treasurer of the Swartzell Company. The money was to be advanced to Stern in installments as the construction of the building progressed.

In carrying out this agreement Stern executed and delivered to the Swartzell Company the promissory notes aforesaid, and these notes were sold by the company to various parties. Among others, the appellee became the owner of two notes of $1,000 each by purchase from the company, and these form the basis of the action in the lower court. In each of the promissory notes executed under the contract the following clause appears: "Privilege reserved of paying this note at any time before maturity upon payment of interest to date of payment and two months' interest in advance. Principal and interest payable at the office of Swartzell, Rheem & Hensey Co., Washington, District of Columbia."

A deed of trust upon the property to secure the payment of the notes was executed and delivered by Stern to Luther A. Swartzell and Edmund D. Rheem, president and vice president of the company, as trustees, upon terms consistent with those of the promissory notes aforesaid. The following provision permitting payment of the notes before maturity appears in the deed of trust: "Said parties hereto of the first part [David L. Stern] reserving the privilege of paying any and all of said notes at any time before the maturity thereof by paying the interest thereon to date of said payment and two (2) months' interest in advance. The principal and interest of said notes being payable at the office of Swartzell, Rheem and Hensey Company in the city of Washington, District of Columbia. * * * And * * * upon prepayment thereof * * * the trustee acting in the execution of this trust

* Received for publication March 19, 1937.

shall thereupon have power to release and reconvey said land and premises, as aforesaid, without the presentation or cancellation of said notes or any of them."

Stern completed the construction of the apartment house according to contract, and the entire amount of the loan was credited by the Swartzell Company to Stern's account upon their books.

Stern continued to own the property from September, 1928, until January, 1929, when he conveyed his interest therein to the Abner Drury Company, subject to the aforesaid deed of trust for $375,000. One installment of interest upon the notes became due during the period between September, 1928, and January, 1929, and this was paid by the Swartzell Company out of the funds credited but not yet actually paid to Stern.

It appears that afterwards the Abner Drury Company determined to refinance the property, and in October, 1929, it obtained a loan of $325,000 from the New York Life Insurance Company, which it secured by a deed of trust upon the property; it being the agreement of the parties that this should become and be the first trust thereon. The proceeds of the loan of $325,000, less minor expenses, were paid by the Abner Drury Company to the Swartzell Company, and at the same time a second trust upon the property in the sum of $44,375 was executed by the Abner Drury Company to the Swartzell Company as a payment upon the first trust. By means of the cash payment and the execution and delivery of the second trust upon the property, the Abner Drury Company paid to the Swartzell Company the amount of the first trust after deducting certain notes thereby secured which were held by the Swartzell Company. This payment was accepted by the Swartzell Company in accordance with the privilege reserved by Stern to pay the notes, or any of them, at any time before maturity, as was stipulated in each of the several notes as well as in the deed of trust. The notes were entered upon their books as paid and the first deed of trust as satisfied and cancelled, and cancellation thereof was duly entered of record by the trustees. The amounts which thereby became due and payable to the respective holders of the notes from the Swartzell Company were entered to the credit of the various parties upon the company's books. It does not appear that either the appellant or appellee at that time had any knowledge of this refinancing or took any part in it. Among others, the appellee in this case was credited upon the books of the Swartzell Company with the proper sum as payment of the notes held by her.

It appears that the Swartzell Company continued to pay the interest upon the credit balance due to the respective noteholders until on January 26, 1931, the company was adjudged bankrupt by the Supreme Court of the District of Columbia. The credit of $2,000 at that time remained upon the books of the company in favor of appellee, no part of the principal thereof having been paid to her. After the bankruptcy of the company appellee filed a proof of her claim with the trustee for the $2,000 credit balance arising out of the transaction.

It appears that the Swartzell Company was a long-established mortgage banking house in the District of Columbia, with customers located throughout the United States and Europe, and that during the period between October 16, 1929, and November 4, 1929, when the refinancing aforesaid occurred, the company enjoyed good credit and daily had credit balances in local banks ranging from $433,000 to $740,000.

The present case was begun in the lower court on February 11, 1931, as an action at law for the recovery by the appellee, plaintiff therein, of the amount of $2,000 represented by the two notes signed by Stern as aforesaid and still in the possession of appellee. In answer to the declaration, Stern, among other things, pleaded payment of the notes as a legal result of the facts above set out. The lower court, however, held that the plea of payment was not established by the facts thus appearing and at the close of the evidence directed a verdict and entered judgment for the plaintiff. This appeal was taken from that judgment.

In our opinion the decision of the lower court was erroneous. In each of the notes held by the appellee the debtor reserved the privilege of paying the notes at any time before maturity, and the provision in the notes that payment might be made at the office of Swartzell, Rheem & Hensey Company is equivalent to a statement that payment could be made to that company in accordance with the terms of

the note. The right to pay the note reserved by Stern accrued to the benefit of the Abner Drury Company, his successor in the title to the property. This company was not a stranger to the transaction, but succeeded to the rights and duties of Stern in respect to the obligations and reservations contained in the notes. They were entitled, therefore, as was Stern, to pay the notes before maturity to the Swartzell Company; and this they did in a manner satisfactory and acceptable to that company. Whereupon, the company credited the appellee with the full amount due to her upon their books. Accordingly the notes were paid to the accredited agents of the appellee, and the fact that the agents subsequently became bankrupt without rendering an account to appellee does not avoid this conclusion. See Rhoderick v. Swartzell, 62 App.D.C. 180, 65 F.(2d) 813.

The judgment of the lower court is reversed, with costs, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.