## WASHINGTON LOAN & TRUST CO. v. COWGILL.

### No. 6571.

United States Court of Appeals for the District of Columbia.

Decided May 25, 1936.

Arthur Peter and George P. Hoover, both of Washington, D. C., for appellant.

Louis Ottenberg, Arthur C. Keefer, and H. Max Ammerman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a judgment in a replevin case involving the ownership of a certain promissory note.

The note was dated August 18, 1930, and was signed by the Shoreham Hotel Corporation, payable in the sum of $2,000, three years after date, to the order of John H. Holmead, and secured by first deed of trust on certain real estate in the city of Washington, D. C.

The note is numbered 146 of a series of 1,760 promissory notes, being a part of a loan made to the Shoreham Hotel Corporation by the Swartzell, Rheem & Hensey Company, bankers and brokers, of Washington, D. C. The payee, John H. Holmead, was the treasurer of the Swartzell, Rheem & Hensey Company, and at the execution of the note it was indorsed by him in blank, with the result that the note from the beginning was payable to bearer.

The plaintiff below, John B. Cowgill, administrator of the estate of Perry B. Cowgill, deceased, in his declaration claimed that the note was an asset of that estate, and that he, as administrator, was entitled to its possession, but that the same was wrongfully detained by the defendant.

The defendant below, the Washington Loan & Trust Company, as executor of the estate of Alice A. Hercus, deceased, by its plea, claimed, as such executor, that it was a bona fide holder of the note, having received the same from Swartzell, Rheem & Hensey Company for value, in due course, before maturity, and without notice of any infirmity in the title of that company.

The case was tried to the jury, and at the close of all the evidence the defendant moved for a directed verdict.

The court denied this motion, to which ruling the defendant excepted. The jury after being charged by the court returned a verdict for the plaintiff, and the present appeal was taken by the defendant.

The sole assignment of error filed by the defendant is based upon the ruling of the court denying the defendant's motion for a directed verdict. No other exception is noted in the record.

The bill of exceptions does not include the charge of the court to the jury, nor any instruction requested by either party. The present issue therefore is whether or not the court erred in denying the motion of the defendant for a directed verdict at the close of all the evidence in the case.

It is disclosed by the record that on May 19, 1930, Swartzell, Rheem & Hensey Company purchased with funds deposited with it by Perry B. Cowgill, appellee's decedent, the promissory note now in question, and notified Cowgill of the purchase, and that the company would retain the custody of the note for safe-keeping as his property and subject to his order; and that the note was then placed in an envelope which was indorsed as follows: "Property of P. B. Cowgill, for safe keeping"; and that the envelope with its inclosure was placed in the vault of the bank to be safely kept as the property of Mr. Cowgill.

Afterwards, to wit, on January 13, 1931, a bookkeeper of Swartzell, Rheem & Hensey Company, acting by order of Mr. Brewer, a vice president of the company, without the knowledge or consent of Mr. Cowgill, wrongfully, fraudulently, and criminally abstracted the note from the envelope in which it was theretofore inclosed, and wrongfully and fraudulently placed it in a different envelope which he inscribed as follows: "Estate of Alice A. Hercus." This action was taken without any consideration moving to Cowgill, and equally without the knowledge of the administrator of Miss Hercus, and without any consideration moving from her estate. The

note simply became stolen property in the possession of Swartzell, Rheem & Hensey Company.

Afterwards, on the same day the note was delivered to the Washington Loan & Trust Company by Mr. Brewer under circumstances which will next be explained.

It is necessary first to explain a procedure which seems to have been frequently followed by Swartzell, Rheem & Hensey Company when making a loan of large size subdivided into many small notes. Such notes were usually secured by a single deed of trust executed and delivered to Swartzell, Rheem & Hensey Company as trustee. In many such cases the deed of trust contained a provision whereby the trustee was authorized to cancel it of record without the production of the trust notes duly canceled, or other proof of the payment of such notes. It is clear that such a procedure would admit of serious abuses inasmuch as such a deed of trust might be canceled of record by the trustee without the actual payment of all of the notes thereby secured, and the holders of some or many of the notes might thereby be deprived of their security without their knowledge or consent.

It was also a common practice with Swartzell, Rheem & Hensey Company in taking such trust notes to cause the same to be made payable to the order of John H. Holmead, secretary of the company, and to cause the latter at the same time to indorse the notes in blank, thereby making them payable to bearer. Notes thus indorsed, in many cases, were sold to customers of Swartzell, Rheem & Hensey Company and possession thereof retained by the company in order that it might collect the interest and principal of the notes when due and upon payment of the notes to reinvest the proceeds in their discretion for the benefit of the owners of them. In such case the company would retain the reinvestment note for safe-keeping as before, and would immediatley send a written receipt for the same to the owner. Cf. Rhoderick v. Swartzell, 62 App.D.C. 180, 65 F.(2d) 813; Simpson v. Stern, 63 App. D.C. 161, 70 F.(2d) 765.

It appears that in 1927, defendant's testatrix, Alice A. Hercus, acquired through Swartzell, Rheem & Hensey Company two deed of trust notes of $1,000 each, dated July 30, 1927, executed as maker by Howard A. Schladt, payable three years after date. The Schladt deed of trust was re-

leased of record June 13, 1929, but in fact the notes then held by Miss Hercus, secured by the trust, were not paid. The maturity date of the Schladt notes was July 30, 1930. Letters testamentary on the Hercus estate were issued to the defendant on August 27, 1930. The Schladt notes came into the defendant's possession September 8, 1930. Although the notes were overdue when received, the defendant made no demand for their payment until January, 1931, and then only under the unusual conditions hereinafter shown.

It appears that on January 6, 1931, the Washington Loan & Trust Company in conjunction with another bank made a loan in the sum of $500,000 to Swartzell, Rheem & Hensey Company secured by the deposit as collateral of a deed of trust for $650,000 upon the Printcraft Building. Immediately afterwards it was discovered by Alfred H. Lawson, the vice president and real estate officer of the trust company, who was himself a lawyer, that a note called the Woods note, then held by the trust company, secured by a prior deed of trust upon the Printcraft Building, had never been paid, although the deed of trust securing it had been canceled of record by Swartzell, Rheem & Hensey Company. Acting upon this information, Mr. Lawson caused an investigation to be made into the trust accounts of the Washington Loan & Trust Company with Swartzell, Rheem & Hensey Company, and it was discovered that in twelve other instances loans were held by the trust company secured by deeds of trust which had been canceled by Swartzell, Rheem & Hensey Company without the payment of the notes. These notes all remained unpaid. Mr. Lawson discovered that the aggregate of these unpaid notes wherein the trust deed securing them had been canceled by the Swartzell, Rheem & Hensey Company and which were held by the Washington Loan & Trust Company amounted to about $156,000. Acting for the trust company, Mr. Lawson immediately applied to Swartzell, Rheem & Hensey Company for a settlement of the notes thus left unsecured by reason of the cancellation of the trust deeds by that company. Mr. Rheem, vice president of the company, thereupon represented that the notes had been in fact paid to Swartzell, Rheem & Hensey Company and the proceeds had been reinvested in other securities which were held by that company for the payees of the notes. Thereupon **Mr.**

Lawson demanded of Swartzell, Rheem & Hensey Company that they deliver to him the securities in which such reinvestments had been made. In response to this demand various securities were sent by Swartzell, Rheem & Hensey Company to the Washington Loan & Trust Company with the assurance that these were the reinvestment securities. Among these was the note now in question, to wit, the note of the Shoreham Hotel Corporation in the sum of $2,-000 which was represented to be the reinvestment of the proceeds of the Schladt notes theretofore paid to the Swartzell, Rheem & Hensey Company. This note was accepted without question by Mr. Lawson, acting for the Washington Loan & Trust Company, as an asset already belonging to the estate of Miss Hercus produced as a reinvestment of the proceeds of the Schladt notes which theretofore had been paid by Schladt to the Swartzell, Rheem & Hensey Company.

It was in this manner that the Shoreham note now in question came into the possession of the Washington Loan & Trust Company, not as a negotiation of the note or purchase of it by the Washington Loan & Trust Company as executor for the Hercus estate. In fact the note was all the time the property of Cowgill, and the use thus made of it by Swartzell, Rheem & Hensey Company was wrongful, fraudulent, and criminal.

It may be added that afterwards other irregular cancellations of deeds of trust by Swartzell, Rheem & Hensey Company amounting in the aggregate to more than $200,000 without the payment of the notes secured by such deeds were discovered and that Swartzell, Rheem & Hensey Company went into bankruptcy about two weeks later, also that Mr. Rheem was sentenced to serve a term in prison.

It is provided by section 1363 of the District of Columbia Code (D.C.Code 1929, T. 22, § 79), that every holder of a negotiable instrument is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the -instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. By section 1360, D.C.Code (D.C.Code 1929, T. 22, § 76) it is provided that to constitute notice of an infirmity in the instrument, or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect; or knowledge of such facts that his action in taking the instrument amounted to bad faith.

The record in the present case leads us to two conclusions: First, the case is not governed by the foregoing law of negotiable instruments for the reason that the note was never negotiated to the Washington Loan & Trust Company, as executor, but was delivered to it by the Swartzell, Rheem & Hensey Company as an asset of the Hercus estate left with that company for safe-keeping only. Second, if the case be governed by the law of negotiable instruments the evidence relating to the receipt of it by the trust company would sustain the verdict of the jury upon the ground that there was knowledge by the trust company of such facts as would defeat their alleged title to the instrument.

The record, as above stated, does not contain the charge of the court. It is therefore to be assumed that the jury were correctly instructed concerning the law of the case. No exceptions were taken to the charge of the court.

We affirm the judgment of the lower court, with costs.

Affirmed.