[No. 2404.]

ISBELL ET AL. v. GRAYBILL.

1. **Corporations—Transfer of Stock—Refusal to Enter on Stockbook.**

   The secretary of a corporation is justified in refusing to transfer stock upon the books of the corporation without the return of the original certificates, or a showing of their loss or destruction.

2. **Corporations—Transfer of Stock—Creditors.**

   A transfer of stock of a corporation, in order to be good as against the creditors of the assignor, must be entered on the

books of the corporation, in conformity with section 508 Mills' Ann. Stats., or, in the absence of such entry, it must appear that the assignee has done all in his power to comply with the requirements of the statute, and was prevented by the fault of the company, and not by his own neglect.

3. Same—Pledge.

Where, at the time of the assignment of stock of a corporation, the certificates were in the hands of a pledgee, the assignee assuming the debt for which the stock was pledged, and the assignee presented to the secretary of the corporation an order from the assignor for the transfer on the corporation's books, which the secretary refused to do without a return of the originals, and the assignee made no further effort to secure such entry on the corporation books, although the loan for which the certificates were pledged was extended by said assignee, and, after paying off said loan he, for sixty days, failed to return said certificates for transfer on the corporation books, or to make any showing of their loss under the by-laws of the corporation, the stock was subject to levy under an execution against the assignor, in whose name the stock stood upon the corporation books.

*Appeal from the District Court of Rio Grande County.*

Mr. Jesse Stephenson, for appellants.

Mr. James P. Veerkamp, for appellee.

Gunter, J.

Under an execution upon a judgment—appellant Isbell, creditor, John Kramer, debtor—appellant Abrams, as sheriff, levied upon five shares of the capital stock of a ditch corporation then standing upon its stock-book in the name of Kramer, as owner, and was about to sell the same when appellee sued out a preliminary writ of injunction against appellants, sheriff, and judgment creditor, to restrain the sale. On final hearing the preliminary writ was made perpetual, and from the decree to that effect is this appeal. The facts are: Kramer, owning five shares of the capital stock of a ditch corporation,

standing upon its stock-book in his name, pledged the certificates therefor as part security for a loan, The Colorado Securities Company, payee, by delivering them to such payee. Thereafter, November, 1892, Kramer conveyed certain real estate to appellee, and assigned to him said five shares of stock in consideration of his agreeing to discharge the indebtedness to secure which he had given a trust deed on the real estate, and had pledged said certificates of stock. These certificates at the time of the sale stood upon the stock-book in the name of Kramer, at which time appellee called upon the then secretary of the ditch company and requested a transfer of the stock to him, appellee, but the secretary declined to enter such transfer until the original certificates issued to Kramer were produced. At the time of making this request appellee presented an order from Kramer reciting the sale to him and requesting the secretary to make the proper transfer. As stated, the secretary declined to make the transfer without the surrender of the original certificates, which it seems were at this time in the possession of the pledgee, The Colorado Securities Company. This is all that was done by appellee toward securing a transfer of the certificates.

Under all the authorities the secretary, in the absence of a surrender of the original certificates or a showing of their loss or destruction, was justified in declining to make the transfer. The statute in force at the date of this transaction—November, 1892 —was Mills' Ann. Stats., Vol. 1, sec. 508. This provided in effect that no transfer of stock should be valid unless entered on the stock-book of the company within sixty days from the date of the transfer by an entry showing to and from whom transferred. A transfer of stock under this section, to be good as to execution creditors of the transferrer,

must be entered upon the books in conformity with this section.—*Conway v. John,* 14 Colo. 30, 33; *First National Bank v. Hastings,* 7 Colo. App. 129; or in the absence of such entry it must appear that the assignee has done all in his power to comply with the requirements of the statute, and is prevented from obtaining such transfer as the law requires by the fault of the company and not from any neglect on his part.—*Weber v. Bullock,* 19 Colo. 214, 220; *First National Bank v. Hastings, supra.*

In *Weber v. Bullock* it appeared that the failure to make the transfer after request was the fault of the company.

Here the burden was upon the purchaser of the stock, appellee, to show that he had done all in his power to comply with the statute, and that the failure to enter the transfer was the fault of the company. The company refused to transfer for the sufficient reason that the original certificates were not presented. To excuse the failure to obtain a transfer it then devolved upon the purchaser, appellee, to show that he had at least made reasonable effort to produce the original certificates. No such showing was made. In 1895, the loan matured and an extension thereof obtained, but no effort was made to produce the certificates for a proper transfer to appellee on the books. Afterwards, and presumably sixty days before the service of the writ of execution in this case, appellee discharged the loan to The Colorado Securities Company. It does not appear that after he did so any effort was made to secure the certificates of stock or to obtain a transfer thereof on the books of the company. If the certificates were lost or destroyed, there was a by-law of the company of which he could have availed himself to secure a reissue of the missing certificates that he had purchased. Such by-law being the following:

"In the event of any certificate of stock being destroyed or lost, and upon satisfactory evidence of same being presented to the board of directors, accompanied with an affidavit of such loss, the aforesaid board of directors may direct the secretary to issue duplicate of same, and cancel original on stub of same in stock-book, and said duplicate shall represent the full value pertaining to original. It shall be the duty of the secretary to make proper record of all facts in case of said loss, and file affidavit of same with papers of company."

The certificates of stock levied upon under the writ of execution herein were not transferred on the books of the company in compliance with the statute. The burden was on the plaintiff, appellee, to show that he had done everything in his power to secure a transfer; and that without fault on his part, but through the fault of the company, the transfer had not been made. This he has not shown. We think the certificates of stock were subject to levy and sale on the writ of execution, and that the court below erred in enjoining the sale thereunder; its judgment, therefore, will be reversed.

<em>Reversed.</em>