## No. 9318.

### HEXTER *v.* SHAHAN ET AL.

1. CORPORATIONS—*Corporate Stock—Pledge.* The Pledge of corporate stock is governed by (Rev. Stat., sec. 870). Pledgee who, for more than sixty days from date of the pledge, fails to cause the notation required by the statute, to be made, or fails to cause the amount of the loan for which the stock is pledged to be noted, loses his right as against creditors of, or innocent purchasers from, the stockholder.

2. STATUTE CONSTRUED. As against the assignor or pledgor the stock vests in the assignee or pledgee; and the pledgee or assignee is not affected, where the failure to comply with the statute is the fault of the corporation.

*Error to Alamosa District Court, Hon. Jesse C. Wiley, Judge.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JOHN T. ADAMS and Mr. W. W. PLATT, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THE controversy in this case arises over title to one share of the stock of The Commonwealth Irrigation Company, such corporation being a mutual ditch company. The plaintiff in error claims by reason of his holding the certificate as a pledge to secure the payment of a debt by Carpenter, in whose name the certificate stands on the books of the company.

The defendant in error claims by reason of purchase of the share of stock at execution sale. Each claims as assignee of an immediate assignor.

The Huerfano Trading Company, defendant in error, brought this suit to compel the Irrigation Company to transfer the certificate of stock to it, under and by virtue of its purchase at execution sale, and in his answer the defendant Hexter asked that the irrigation company transfer the certificate of stock to him as owner thereof, by virtue of the pledge. The court found the issue in favor of the plaintiff and rendered judgment accordingly.

The cause was tried upon an agreed statement of fact and to the court without a jury. The issue is one of law only.

It appears that the certificate of stock was issued to Carpenter March 2nd, 1911, and numbered 1629. At some time prior to September 1st, 1911, Carpenter delivered the certificate duly endorsed to one Hills as security for moneys due. On September 1st, 1911, Hills delivered the certificate to the defendant Hexter as security for an indebtedness due from Hills to Hexter.

On October 27th, 1913, more than two years after he had received the certificate as a pledge, Hexter addressed a letter to the Irrigation Company in which he said: "I am holding Certificate No. 1629, one share Commonwealth Irrigation Company stock. Please let me know if the assessment on same is paid. If not how much are they and I will remit to you." Whereupon the irrigation company caused to be made an entry on its Assessment Ledger, opposite the certificate entry, the words "M. D. Hexter,

Colo. Springs." Also on the stock ledger of the company, the words, "10/31/13, No. 1629, held by M. D. Hexter, Colo. Springs, to secure loan." And further, on the stub of Certificate No. 1629, the identical words as above. Such entries so remained at the date of the trial. Hexter had paid all assessments since the date of his letter. The good faith of neither claimant is disputed, nor is the procedure questioned except as to failure of Hexter to comply with the statute as it relates to pledges of stock in such cases.

The court found that he had not done so, and for such reason rendered judgment in favor of the defendant in error.

The section of the statute relating to the registry of transfers and pledges of shares of capital stock of Colorado corporations is 870 Rev. Stat. 1908, in which it is provided, among other things, as follows:

"No transfer of stock shall be valid for any purpose whatever except to render the person to whom it shall be transferred, liable for the debts of the company according to the provisions of this act, unless it shall have been entered therein, as required by this section, within sixty days from the date of such transfer, by an entry showing to and from whom transferred; or, in case of the pledge of any such stock a memorandum be made upon the books of said company, showing to whom and for what amount the stock has been pledged."

The objections to the validity of the pledge in this case are: (a) failure to cause a notation to be made within sixty days from the time Hexter received the stock as a pledge, and; (b) failure to cause the amount to the loan to be stated in the notation made.

This provision of the statute has been held to apply to all corporations, except railroad and telegraph companies. *First Natl. Bank v. Hastings,* 7 Colo. App. 129, 42 Pac. 69. In this case the fault in both respects was clearly with Hexter. He did not advise the corporation as to the pledge until more than two years had elapsed, and he did not advise it of the amount of the loan at all. This statute has

been several times construed by this court and the principle to be applied seems to be well settled. It was said in *Conway v. John,* 14 Colo. 30, 23 Pac. 170, speaking through Mr. Justice Hayt:

"Here we have a clear provision of statute taking from the owner of stock the right to transfer it in accordance with the known rules of the common law, and substituting therefor another and different mode. This change was doubtless made for the purpose of furnishing record evidence of the title, and, in view of the plain and explicit language employed, the statute cannot be disregarded. Under its provisions, we are clearly of the opinion that, notwithstanding the attempted transfer from Ireland to appellant, the stock remained subject to attachment at the suit of the former's creditors."

And in *First Natl. Bank v. Hastings, supra:*

"There is not much room for construction of this language. The assignment of stock certificates vests in the assignee an inchoate title, which for sixty days has the effect of a complete title; but unless within that time it is perfected by the entry of the transfer upon the books of the company, it expires, and the transfer becomes invalid; the title of the assignor has not been divested, and the stock is subject to attachment at the suit of his creditors."

That the statute to the same extent applies to pledges of stock as well as to an assignment thereof is settled in this jurisdiction. It was said in *Pawnee Canal Co. v. Henderson,* 46 Colo. 37, 102 Pac. 1063:

"This statute has been held to apply to a pledgee, as well as purchaser, of stock, who has not had the transfer made on the books of the company, as against the rights of a creditor of the assignor which accrued after the assignment was made, but before its transfer is so noted. *Conway v. John,* 14 Colo. 30; *Weber v. Bullock,* 19 Colo. 214, 35 Pac. 183; *Pueblo Savings Bank v. Richardson,* 39 Colo. 319, 89 Pac. 799; *Isbell v. Graybill,* 19 Colo. App. 508, 76 Pac. 550."

Such requirements of the statute however, are held not to prevent the vesting of title as between the transferers and transferees, nor pledgers and pledgees. *Shires v. Allen, Admr.*, 47 Colo. 440, nor where the failure to comply with the Statute lies in the fault of the corporation issuing the stock and the transferee has done all that he reasonably can to cause the required entries to be made on the books of the company. *Weber v. Bullock*, 19 Colo. 214.

The judgment is affirmed.

Garrigues, C. J. and Denison, J. concur.