## No. 11,423.

### HAWKINS *v.* HERSHEY, ET AL.

Decided December 14, 1925.   Rehearing denied February 1, 1926.

Action to enjoin sale of corporate stock under execution. Judgment for defendants.

### *Reversed.*

#### . *On Application for Supersedeas.*

1. CORPORATIONS—*Pledge of Stock.* A pledgee of corporate stock who makes a demand on the company for a transfer within apt time, is in the same position with reference to attaching creditors, as if the transfer was actually made on the books of the corporation.

2. *Common Law Transfers of Stock.* At common law the unregistered transferee of corporate stock is protected against all subsequent attachments or executions levied on the stock.

3. *Stock Transfers.* Under the provisions of section 2268, C. L. '21, concerning transfers of corporate stock, a transferee has perfect title for the first 60 days after the transfer, and it remains perfect if within that time he has the appropriate transfer or memorandum entered on the books of the corporation.

*Error to the District Court of the City and County of Denver, Hon Julian H. Moore, Judge.*

Mr. B. C. HILLIARD, Mr. B. C. HILLIARD, Jr., for plaintiff in error.

Mr. A. B. MANNING, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction in which the plaintiff, George B. Hawkins, as pledgee of certain stock in a corporation, seeks to enjoin the sale thereof under execution against the pledgor, N. A. Kullgren, which execution issued to satisfy a judgment of pledgor's creditor, The Metropolitan State Bank. Judgment for defendants. Plaintiff brings the case here and applies for a supersedeas.

The stock in question consists of two shares of the capital stock of the Navy Gas and Supply Company, represented by a certificate which was issued to, and held by, Kullgren. On July 20, 1925, Kullgren delivered this certificate, as a pledge, to plaintiff Hawkins. On July 24, 1925, the Metropolitan State Bank filed an action against Kullgren, and immediately obtained a judgment by confession in the sum of $700 and costs. Execution was forthwith issued, and levy made upon the two shares of stock herein involved, as the property of Kullgren.

The trial court found that prior to the levy, July 24, 1925, there was no demand made by Hawkins for a transfer of the stock upon the books of the Navy Gas and Supply Company. Error is assigned to such finding, but as it is based on conflicting evidence and since plaintiff in error relies principally upon another proposition, this assignment need not be considered unless other assignments are found not to be well taken.

While there is no finding on the matter, it is conceded that a proper demand for a transfer of the stock, or for a memorandum of the pledge, was made of the corporation on and prior to September 5, 1925, which date was after the date of the levy, but within sixty days after the time of the pledge or assignment.

It is further conceded, or at least undisputed, that this demand of September 5, 1925, whether complied with by the corporation or not, places the plaintiff in the same position, with reference to an attaching creditor of his assignor, as if the transfer or memorandum of the pledge was actually made on the books of the corporation. This is true under the decision in *Weber v. Bullock,* 19 Colo. 214, 220, 35 Pac. 183, which was cited with approval in *Equitable Sec. Co. v. Johnson,* 36 Colo. 377, 85 Pac. 840, and again in *Hexter v. Shahan,* 66 Colo. 156, 180 Pac. 92.

The question then is: Is the pledge good as against an attaching creditor of the pledgor, where the attachment takes place prior to the transfer or memorandum on the books, but the transfer or memorandum is had within sixty days after the pledge?

The statute here involved is section 2268, C. L. 1921 (S. L. 1919, p. 354, sec. 8), which, so far as material here, reads as follows: "* * * and no transfer of stock shall be valid for any purpose whatever except to render the person to who it shall be transferred, liable for the debts of the company, according to the provisions of this act, unless it shall have been entered therein (in the stock book) as required by this section, within sixty days from the date of such transfer, by an entry showing to and from whom transferred; or, in case of the pledge of any such stock, a memorandum be made upon the books of said company, showing to whom and for what amount the stock has been pledged. * * *"

At common law the unregistered transferee of a certificate of stock is protected as against all subsequent attachments or executions levied on that stock. 2 Cook on Corporations (8th ed.) section 487; 14 C. J. 725, point

79. Our statute abrogates that rule. It does not, however, say that the transfer shall not be valid *until* registered, but provides that it shall not be valid *unless* the transfer or memorandum on the books of the company is made within sixty days from the date of the transfer or pledge of the stock. Therefore, if the entry is made within sixty days, the actual transfer between the parties is valid as against all persons, and valid from the time of the actual transfer instead of only from the time of the registration or entry. In other words, the statute leaves the matter as it was at common law, or would be in the absence of statute, but requires that within sixty days the transfer or memorandum must be entered on the books of the corporation. We are in full accord with the view expressed in *Bank v. Hastings,* 7 Colo. App. 129, 134, 42 Pac. 691, where the court said: "There is not much room for construction of this language (of the statute). The assignment of stock certificates vests in the assignee an inchoate title, which for sixty days has the effect of a complete title; but unless within that time it is perfected by the entry of the transfer upon the books of the company, it expires, and the transfer becomes invalid; the title of the assignor has not been divested, and the stock is subject to attachment at the suit of his creditors."

This was quoted, apparently with approval, in `Hexter v. Shahan, supra.* According to this quotation the pledgee or transferee has a "perfect title" for the first sixty days, and it remains perfect if within that time he has the transfer or memorandum made on the books of the corporation. That is our view, and in announcing it as a rule, it has good support in reason, because it protects the purchaser or pledgee of stock while he is taking steps to perfect his title, giving him sixty days for that purpose.

Under the rule herein announced, applied to the admitted facts, the title of plaintiff Hawkins was good as against the attaching creditor, the defendant bank. The court erred in finding for defendants and against plaintiff.

The judgment is reversed and the cause remanded for further proceedings in harmony with this opinion.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.